## CHARLES W. BYAM & others *vs.* DANIEL W. BICKFORD.

Middlesex. March 8. — June 25, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A deed of land to a voluntary unincorporated association, which is well known, and all the members of which may be ascertained, but which is not one of the class authorized by the Gen. Sts. c. 30, § 24, to take and hold real estate, may be construed as a grant to those who are properly described by the title used in the deed; and such persons are tenants in common of the land conveyed.

A tenant in common of land, who removes, without doing any unnecessary damage thereto, a structure placed upon the land by his cotenant without his assent, which excludes him from that portion of the land, is not liable to an action in the nature of trespass by his cotenant; nor can an action be maintained against him under the Pub. Sts. c. 179, §§ 6, 7.

TORT. The declaration contained two counts. The first was in the nature of trover for the conversion of certain boards and building material. The second was in the nature of trespass. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*J. W. Reed*, for the defendant.

*F. T. Greenhalge*, for the plaintiffs.

DEVENS, J. The plaintiffs and the defendant are members of a voluntary unincorporated association known as the South Chelmsford Hall Association, acting under certain articles and by-laws, for the purpose of erecting a hall. A deed was made, on January 5, 1878, of a parcel of land adapted to the purpose by two members of the association, John Scoboria and Arthur Scoboria, which purported to be to the "South Chelmsford Hall Associates," by which it is agreed that the South Chelmsford Hall Association was meant. It is probable that, in making the deed, it was supposed that, although unincorporated, this association, as such, was capable of taking and holding real estate. While there are certain unincorporated societies which may, as such, take and hold real estate by statute, this society does not belong to that class. Gen. Sts. *c.* 30, § 24. Pub. Sts. *c.* 39, § 9. The general rule therefore applies to it, and it is not qualified to take, as such, real estate as grantee. *Bartlet* v. *King*, 12 Mass. 537. *Hamblett* v. *Bennett*, 6 Allen, 140. *Tucker* v. *Seaman's Aid Society*, 7 Met. 188. But the South Chelmsford Hall Association was a body well known, all the members of which could be ascertained; and, as it could not take as a corporation, the deed may properly be construed as a grant of the estate to those who were properly described by this title, especially as the grant is to the "Associates," a term deemed by the grantors to mean the same as "Association." The persons associated in the society were thus tenants in common of the land conveyed.

It is said that, upon this construction, injustice would be done to the grantors, who were themselves members of the association. The effect of the deed made by the grantors must have been either to reserve to themselves the proportional part to which they would be entitled as tenants in common, as they were described and included among the grantees, or to vest the whole estate in the other members of the association, depriving themselves of all interest in the premises. It is not necessary to decide which of these was its effect; these grantors are not parties to this suit, although still members of the association, so far as is shown by the facts. Whether the share of the tenants in

common bringing this suit is larger or smaller, is not important to its determination. If the cotenants of the plaintiffs should have been joined in this suit, the objection on that account was available only in abatement. *Sherman* v. *Fall River Iron Works,* 2 Allen, 524. And under the Pub. Sts. *c.* 179, § 7, upon which the plaintiffs rely, it was the right of one or more of the cotenants to bring an action of tort in the case there contemplated, without naming any one except themselves. Whether it was within the power of this association, or a majority of its members, by a vote passed at one of its meetings, to provide for the erection of the structure in addition to the hall, and thus to occupy the premises against the objection of certain other members also tenants in common, is a question not presented. If this could have been done by virtue of any authority given by the terms of the articles of association, or its by-laws, to which the members had assented, which deprived the tenants in common of their ordinary rights, or controlled them in their exercise, and we certainly do not intend to decide that it was so, such authority must have been exercised by the vote of a meeting regularly called in accordance with the by-laws; and it is for the party relying on such a vote to show this.

The association was formed by signing an agreement to associate together to purchase land and erect a hall thereon for public purposes, which was to be carried out by the subscribers through a committee, the location, quantity of land, dimensions, and cost of building to be determined by the subscribers, each of whom agreed to pay the amount of money set against his name, and no more. The subscribers agreed that a treasurer should be chosen, who was empowered to borrow a limited amount of money. This voluntary association thereafter adopted by-laws, reciting the object of the association to be the erection of this hall, providing for the election of officers, the calling of future meetings, and the number which should constitute a quorum thereat. In the early part of 1878, the land being purchased as heretofore stated, the hall was erected, and has been used for public purposes since. In January, 1883, the association commenced considering the subject of erecting an addition thereto, to which the defendant and others objected, but nothing was done at the meeting where the subject was first discussed.

A meeting of the association was held on March 3, 1883, at which the erection of the addition was voted. Acting under this vote, everything was done thereafter, an agreement being then made between the association and one Parker, one of its members, for the erection of such addition. There is no evidence that this meeting was called in accordance with the by-laws, or that the defendant had any knowledge of it; and there is evidence that he was not present. Whatever might be the effect of a meeting regularly called, and whether the defendant's rights would in any manner be affected thereby, the plaintiffs on this state of facts can have no higher rights than those which ordinarily belong to tenants in common.

Without considering whether the addition in its incomplete state was the property of Parker, and treating it as that of the plaintiffs, in accordance with their contention, the question remains whether another tenant in common, who had not assented to its erection, might remove it, doing no unnecessary damage thereto, by taking it down. The defendant did no unnecessary damage to the materials or the structure, nor did he take possession of the materials, or in any way appropriate them to his own use. He tore down the structure, doing as little damage as possible. The shed which formed part of it obstructed the light of his store and dwelling-house on his own land, and the privy would have been immediately under his windows.

The structure, thus erected by some of the cotenants upon the common land, not merely impeded and obstructed him in the use of such land, but actually excluded him from that portion of the common property. The withholding possession of the common property by one cotenant from his companion is an ouster to the extent to which possession is thus withheld, for which an action in the nature of trespass may be maintained. *Silloway* v. *Brown*, 12 Allen, 30. *Marcy* v. *Marcy*, 6 Met. 360. A permanent structure erected by one cotenant on the common land, which excludes the other therefrom, affords, if sufficiently long maintained, evidence of adverse possession sufficient to establish title against him. *Bennett* v. *Clemence*, 6 Allen, 10. *Ingalls* v. *Newhall*, 139 Mass. 268.

In removing it, the defendant was not guilty of a trespass; he simply thus prevented others from ousting him from the

common property, and no action in the nature of trespass can be maintained against him.

Nor can the plaintiffs maintain this action under the Pub. Sts. c. 179, §§ 6, 7. This statute is highly penal, and intended to protect real estate from waste or trespass. Section 6, in providing that any tenant in common, &c., who shall destroy or remove timber, stone, &c., or commit any other strip or waste thereon, without thirty days' notice to his cotenants of his intention to enter and improve the land, or do any similar acts while a petition for partition is pending, shall forfeit three times the amount of damages, has reference solely to injuries to the common property. It certainly cannot refer to the removal of a structure wrongfully placed on the land by a part of the tenants, which excludes the others from their full possession, and tends to establish a title adverse to them, in which also the plaintiffs and the defendant have no common property.

It was contended at the hearing, that, under the agreement into which the plaintiffs and the defendant had entered, and by the voluntary association which, with others, they had formed, a partnership had been created between them.

We have not found it necessary to consider this, as the view we have taken of the position of the parties is more favorable to the plaintiffs' contention. If the plaintiffs and the defendant are to be treated as partners, and this real estate as property held for the partnership purposes, that partnership is still unsettled; and, while this is so, an action at law cannot be maintained by one or more partners against another, even for injury to the partnership property.

*Judgment for the defendant.*