MILON S. JENKINS *vs.* JOHN T. WOOD.

Essex. Nov. 3, 1887. — Jan. 5, 1888. DEVENS & KNOWLTON, absent.

An action of tort to recover the forfeiture prescribed in the Pub. Sts. c. 179, § 6, cannot be maintained where a tenant in common commits waste in good faith, under an honest belief that he is not a tenant in common.

TORT, under the Pub. Sts. *c.* 179, §§ 6, 7, to recover three times the amount of the damages to be assessed for the cutting of wood by the defendant, on land alleged to be owned by the plaintiff and the defendant as tenants in common.

The case was submitted to the Superior Court, and to this court, on appeal, on agreed facts, in substance as follows:

The defendant, at the time of the cutting, was a tenant in common of said land with the plaintiff, and did not give the notice to his cotenant provided in the Pub. Sts. *c.* 179, § 6. The damage to the whole land resulting from said cutting is $350.

The premises originally were the property of Sarah Wood, the wife of the defendant, who died on July 4, 1871, without leaving issue living. The defendant owns one undivided half

of the premises, and the other half descended to the plaintiff, as heir of the said Sarah Wood.

A child was born during the existence of the marriage of the defendant and the said Sarah, and the defendant believed that this child was born alive, and that he was tenant by the curtesy of the undivided half of the premises, the remainder in which belonged to the plaintiff. So believing, the defendant cut the wood and timber.

After the cutting, the plaintiff brought a petition for partition of the said premises, in the Superior Court, against the defendant. Upon the trial of said petition, the defendant was a witness, and testified that he was present at the birth of the said child, and that it was born alive, and other witnesses testified upon the question in issue. It was determined that the child aforesaid was not born alive, and judgment for partition was entered. Subsequently to said judgment the present action was brought.

If the plaintiff was entitled to recover the forfeiture provided in the Pub. Sts. *c.* 179, § 6, judgment was to be entered for the plaintiff accordingly. If the plaintiff was not entitled to recover said forfeiture, but, in any form of action, could recover the actual damage occasioned by said cutting, judgment was to be entered for such damage.

The court ordered judgment for the plaintiff for the actual damage; and the plaintiff appealed to this court.

*W. S. Knox,* for the plaintiff.

*C. G. Saunders,* for the defendant.

MORTON, C. J. The statute provides that, " if a joint tenant, coparcener, or tenant in common of undivided lands cuts down, destroys, or carries away any trees, timber, wood, or underwood standing or lying on such lands, or digs up or carries away any stone, ore, or other valuable thing found there, or commits any other strip or waste, without first giving thirty days' notice in writing under his hand to all the other persons interested therein, or to their respective agents or attorneys, of his intention to enter upon and improve the land, or if he does any of said acts during the pendency of a petition or other suit for the partition of the premises, he shall forfeit three times the amount of the damages that shall be assessed therefor," to be

recovered in an action of tort by his cotenant.    Pub. Sts. *c.* 179, §§ 6, 7.

Although such action is not strictly an action for a penalty, (*Goodridge* v. *Rogers,* 22 Pick. 495,) yet the provisions of the statute are highly punitive or penal in their character, and should be strictly construed, and held to apply only to such cases as are clearly intended by the Legislature.    *Adams* v. *Palmer*, 6 Gray, 338.    *Byam* v. *Bickford*, 140 Mass. 31.    Similar statutes have been in force for more than a century.    St. 1783, *c.* 52, § 1.  St. 1785, *c.* 62, § 1.    Rev. Sts. *c.* 105, § 7.    Gen. Sts. *c.* 138, § 7.  Pub. Sts. *c.* 179, § 6.

We are of opinion that the Legislature intended that these statutes should apply only to cases of known and recognized tenancies in common or joint tenancies, and not to cases where a party enters upon land and cuts wood or timber under an honest claim that he owns the whole in fee, or by some other title than that of a tenant in common or joint tenant.    If a man in good faith buys land, supposing that he gets a title in fee to the whole, and cuts wood from it, it is not to be presumed that the statute intended that he should be subject to the severe penalty of threefold the amount of damage done, if he afterwards discovers that he has a title only to an undivided portion instead of to the whole of the land.    The object of the statutes is to enforce a penalty against tenants in common or joint tenants who knowingly encroach upon the rights of their cotenants.    Before cutting wood or timber, they are to give notice to their cotenants of their intention to enter upon and improve the land, or, as it is expressed in the Sts. of 1783 and 1785, that they " have occasion for, and shall enter upon and improve such lot or lots of land lying in common."    Such a notice could not be given by a person who did not know that he was a tenant in common, and the provision tends strongly to show that the object of the statute is to deal with cases of known and recognized tenancies in common.

A similar question was decided in *Reed* v. *Davis*, 8 Pick. 514.  The St. of 1795, *c.* 75, § 3, provided that if any person should commence any action for recovering possession of land, and the person in possession, or any other person, pending such action, should make strip or waste, he should forfeit and pay treble

damages. It was held that an action for the penalty could not be maintained against a person who did not know of the pendency of the action.

We are therefore of opinion, that, upon the facts agreed in this case, the plaintiff cannot maintain an action under the statute for the penalty ;. but, under the stipulation in the case stated, that, if the plaintiff can in any form of action recover the actual damage he has sustained, judgment is to be entered for such damage, the Superior Court rightly entered judgment for such damage.                                        *Judgment affirmed.*