# THE FINNISH EV. LUTHERAN CHURCH, PETITIONER.

Worcester, April, 1901.

*Deed — Indefinite Grantee — Unincorporated Association.*

In this case the following facts appeared. Title comes under a deed dated June 10, 1898, from one Lowe to three grantees, namely: (1) " The Finnish Evangelical Lutheran Church, Independent," (2) " The Finnish Temperance Society, called ' Aamun Koitto,' a branch of the Eastern Finnish Temperance Union of the United States of America," (3) The Finnish Labor Society, called " Saima "; all three being described as corporations established under the laws of the Commonwealth of Massachusetts, and located in Fitchburg.

(1) At the date of the deed there was in existence a corporation having the name, " The Finnish Evangelical Lutheran Society of Fitchburg, Mass."

(2) The Finnish Temperance Society, etc., was a branch of a Michigan corporation. Its members were constantly changing. There were 134 members at the date of the deed (June, 1898), of whom 76 are still in Fitchburg, and the rest have scattered, many of them to parts unknown.

(3) The Labor Society at the date of the deed was a mere association of individuals, there being 98 members. About January, 1900, fifty of these 98 members having withdrawn from the association and 52 new members having been admitted, the then association was incorporated in Massachusetts under the name of " The Finnish Labor Society, Saima, of Fitchburg, Mass." The present address of only 61 of the original 98 members can now be ascertained.

The property was purchased with funds contributed by the members of all three organizations, and the deed is in possession of the Lutheran Society, to whom it was delivered as a grantee described in the deed as the " Lutheran Church."

On the foregoing facts I am of opinion that the deed was a valid deed to the Lutheran Society, but that the Temperance Society and the Labor Society were not corporations capable of taking title to real estate, and further of opinion that it was not the intention of the parties that the members of these two associations should take individually as tenants in common.

Undoubtedly where there is an association perfectly well known and definitely described, a grant will not be defeated merely because it is ultra vires, or because there is some formality yet remaining to be completed before the grantee has authority to act as a corporation. Dyer v. Rich, 1 Metcalf, 180. Smith v. Sheeley, 12 Wallace, 358. Byam v. Bickford, 140 Mass., 31. Byam v. Bickford goes a good way, and the facts bear some general resemblance to this case ; but in Byam v. Bickford the unincorporated society was a body well known, all the members of which could be ascertained, and it existed solely for the purpose of holding the real estate in question. It was held that the members took as tenants in common.

I think the case at bar however, so far as the two unincorporated associations are concerned, comes within the principle of grants which fail because of the indefiniteness of the grantee. Hall v. Leonard, 1 Pick, 27. Thomas v. Marshfield, 10 Pick, 364. Douthitt v. Stinson, 63 Mo. 268. The language of the Court in the case of Hamblett v. Bennett is peculiarly applicable to the case at bar. " The Circle was not a corporate body capable in its collective capacity of taking any estate in land. And though a grant to the Circle might, under some circumstances, be construed as a grant to the individual members of which it was composed, yet

there seems to us nothing in the evidence which would authorize a jury to infer that such a grant was made. The Circle was a changeable and fluctuating body. The purpose to create a tenancy in common would be extraordinary and improbable." Hamblett *v.* Bennett, 6 Allen, 140, 145.

There seems to be, nevertheless, a clear equitable interest in favor of both the Temperance and the Labor Societies. Bailey *v.* Kilburn, 10 Met., 176. The Church Society is willing to make a conveyance to trustees to hold for the benefit of itself and also of the Temperance and the Labor Societies. If this is done the title may be registered in such trustees.

So ordered.