**PATO HONEY BELLE LUCE and REV. MAURICE
LUCE by REV. LESLIE E. BEDELL, Plaintiff**

**v.**

**PILA PATU, Defendant
GOVERNMENT OF AMERICAN SAMOA by G. W. Hedman,
Intervener**

No. 6-1954

High Court of American Samoa

Civil Jurisdiction, Trial Division

April 20, 1954

ARTHUR A. MORROW, *Chief Judge;* TAUALA, *Associate Judge;* and MAILO, *Temporary Associate Judge.*

Heard at Fagatogo on April 6, 1954, before MORROW, *Chief Judge, Associate Judge* TAUALA, and *Temporary Associate Judge* MAILO.

Leslie E. Bedell for Pato Honey Belle Luce et al.

Atufili for Pila Patu.

C. W. Hedman for the Government of American Samoa.

OPINION OF THE COURT

MORROW, *Chief Judge.*

The complainants filed their petition asking for an injunction to restrain Pila Patu from erecting a store building on certain land in the vicinity of Happy Valley between the main highway and Pago Pago Bay. A temporary restraining order was issued on March 18, 1954. Complainants claim that Pato Honey Belle Luce has an undivided one-third interest in the parcel of land located in the village of Pago Pago lying between the main highway and Pago Pago Bay upon which Pila Patu had started to erect a store building. Rev. Maurice Luce is the natural guardian of Pago [sic] Honey Belle Luce, she being his adopted daughter. On March 24, 1954, the Government of American Samoa filed a petition of intervention claiming that the land upon which the building was being erected was the property of the Government of American Samoa and prayed that both the complainants and respondent Pila Patu be permanently enjoined from asserting title thereto and from exercising any rights therein.

On the 12th day of May, 1924, the land Autapini containing 8.84 acres was registered in the name of one Poi Tui of Pago Pago. The land as registered included the land in the vicinity of Happy Valley between the main highway and the high water mark of Pago Pago Bay. On July 17,

1930, the foregoing registration of the land having been declared null and void by the Court and a new trial of the issue as to the ownership of the land (raised by the posting of said land for registration by the heirs of Patea and the filing of objections thereto by Poi Tui) having been had and a final decree having been made, said land Autapini was registered in the name of Leulu, Mama and Tasali who were the heirs of the Patea. This decree and registration vested the record title to Autapini in Leulu, Mama and Tasali as tenants in common with the result that each had an undivided one-third interest therein. The record of the original registration will be found in Register of Native Titles, Vol. I at pages 170–172. The record of the decree of July 17, 1930, is on page 172 of the same volume.

By deed dated 12 May 1950, Tasali who has succeeded to the matai name Patea, using the name Patea, deeded his undivided one-third interest in a certain part of this land Autapini lying between the road and the high water mark of Pago Pago Bay to Pato Honey Belle Luce for a valuable consideration. The deed was approved by the Governor of American Samoa. About four-fifths of the building which Pila Patu has started to erect stands upon the land conveyed by this deed and the other fifth upon land just west of the land conveyed.

■ Tenants in common Leulu and Mama are not parties in this case. If we were to decree, as asked by the Government, that the land upon which the building is being erected is the property of the Government of American Samoa, Mama and Leulu would not be bound by the decree. We can, however, decide the case without determining whether the ownership of the land upon which the building was being built is the property of the Government. It should be stated that the registration of the land under the decree of 17 July 1930 is not necessarily binding upon the Government since, if the land between the road and the sea

129

is government land, the failure of the Government to object in 1930 to its registration in the name of Leulu, Mama and Tasali would not bar the Government from asserting its claim. "Laches on the part of the government in bringing suit is said not to be a defense in the case of a claim which is founded on sovereign right. It is also observed that the laches of the officers of the government cannot be set up as a defense to a claim which is made by the government." 19 Am.Jur. 342.

█ The government claims ownership of the land between the highway and Pago Pago Bay by virtue of condemnation proceedings had pursuant to regulations Nos. 15 and 16 enacted September 3, 1900, and referred to and substantially re-enacted in Section 1291 of the new Code of American Samoa. Regulation No. 16 provided among other things "It shall be unlawful for any person or persons to erect any fence, wharf, boat house, building or other structure whatsoever to seaward of the Public Highway or Road running along high water mark of the Harbor of Pago Pago as described in Section I of the Ordinance relating to a Public Highway in Pago Pago being number 15 of 1900, without special permission from the Commandant of the United States Naval Station, Tutuila; . . ." The same provision is contained in Section 1291, sub-Section 5, of the new Code with the exception that the words "Governor of American Samoa" have been substituted for "Commandant of the United States Naval Station, Tutuila." The Governor succeeded to the civil authority of the Commandant. It is our opinion that this limitation upon the use of the land between the public highway and the high water mark in the harbor of Pago Pago is valid. Regulation No. 16 was enacted at the same time and in connection with Regulation No. 15 which provided for condemnation of land for a public highway around Pago Pago Bay. Such limitation as to the use of the land between the highway

and the Bay was paid for by the Government when the land which now comprises the highway was condemned.

Assuming that the land upon which the four-fifths of the building is being erected is owned by Mama, Leulu and Honey Belle Luce as tenants in common, (and we will so assume since it is not necessary for us to determine whether the Government owns the land between the highway and the Bay, it being owned either by the Government or the tenants in common) Honey Belle Luce has the right to enjoin the erection of the four-fifths part of the building started upon land in which she has the undivided one-third interest as the result of the deed of Patea. Each co-tenant has the right at all times to enter upon and enjoy every part of a common estate. *Petraborg et al. v. Zontelli,* 217 Minn. 536, 15 N.W.2d 174, 177. To the same effect see 62 Corpus Juris 421. In *Byam v. Bickford,* 140 Mass. 31, 2 N.E. 687, it was held that where one of two or more co-tenants, without consent, erects a building on common property, such other co-tenant may remove such building without becoming liable in trespass for so doing. Honey Belle Luce neither by herself nor by her guardian, Rev. Maurice Luce, consented to having four-fifths of this building put upon the land in which Honey Belle has the undivided one-third interest. She has the right, therefore, not only to enjoin the construction of that part of the building which has been started upon the land owned in common by her and Mama and Leulu, but also the right to have the part of the uncompleted building on such land removed. It was contended by the respondent Pila Patu that Patea, Leulu and Mama had partitioned such land among themselves prior to Patea's conveyance to Honey Belle Luce. However, the evidence did not support the contention. Mama testified that she and Leulu and Patea did not have a meeting to divide the property and also that they did not make a legal division of it. Leulu also testified that there was no

legal division of the land between Patea, Mama and herself. There was evidence that Patea occupied the east end of the land, Leulu the middle, and Mama the west end upon which end approximately four-fifths of the building was being erected before the issuance of the temporary injunction. However, that was a mere division of possession and not a division of ownership. It follows that Honey Belle Luce and Leulu and Mama are still tenants in common of such land and that Honey Belle Luce as a tenant in common has the right to enjoin further construction of the building on such land, and to have so much of the building as has been already erected on it removed.

Respondent Pila Patu claims that he has a permit from the Governor to build a building upon the land the third undivided interest in which was deeded to Honey Belle Luce. We find nothing in the permit indicating authority from the Governor to erect any building on land between the highway and the bay. The permit makes no reference to any permission to put up a building there. Respondent also claims, since the ground location of the building proposed to be erected was set out in the building plans submitted to the Public Works Department, that the approval of the plans constituted permission by the Governor to erect the building. However, such location was approximately in the middle of the land the one-third interest in which was deeded to Honey Belle Luce and not on the west end of such land where Pila Patu started to erect the building. In other words, respondent did not start to erect his building on the location set out in the plan at all but at a different place. If the Governor did give permission by implication, and we do not think he did, it was to erect a building at a place different from the location where respondent has started his building.

The Government, as intervener, is entitled to have further erection of the building stopped, not only on the

part of the land the one-third interest in which was deeded to Honey Belle Luce by Patea, but also on the part immediately west of such land on which approximately one-fifth of the started building stands, all of such land being between the highway and Pago Pago Bay. See Sec. 1291, subsec. 5, of the A. S. Code. The Government is also entitled to have so much of the building as has already been erected removed. Our conclusion is that the complainants are entitled upon the record to an injunction restraining any further construction of the building upon that part of the land an undivided one-third interest in which was deeded by Patea to Honey Belle Luce and to an order requiring removal of so much of the building as has already been started on such land. Let a decree issue restraining further construction of the building and requiring so much thereof as has already been erected to be removed.