WENCIL REHDER et al., appellees, v. A. P. RANKIN et al.,
appellants.

No. 49435.

(Reported in 91 N.W.2d 399)

JULY 28, 1958.

Fisher & Fisher and Keith E. Stapleton, all of Cedar Rapids, for appellants.

Thomas L. Woods and Ralph V. Harman, both of Cedar Rapids, for appellees.

OLIVER, J.—This is a suit to quiet title to and partition a town lot and house and personal property including a bank deposit, all standing in the name of Farmers Mutual Telephone Company, Palo, Iowa, a voluntary unincorporated association, and to dissolve said association. This association operated a switchboard for approximately ten telephone lines around and in that town. Each line was owned by various persons who lived alongside it. Each subscriber furnished his own telephone and equipment and part of the line.

In 1905, or prior thereto, these lines had joined in securing and operating the switchboard which connected them with each other and, with commercial long-distance toll lines. According to its records this unincorporated association, prior to 1920, called itself Palo Independent Switchboard Company. Its affairs were managed by directors, selected by and representing each associated mutual line. Switchboard operating expenses were obtained by assessments of a few dollars per year against each telephone. The switchboard was installed in dwellings in Palo

which were rented by the switchboard company and in which the person employed to operate the switchboard resided. This method of operation required frequent moving of the switchboard. To avoid this, the lot and house involved in this suit was purchased in 1920-1921, and was thereafter used for that purpose. The money for the purchase was furnished by some, but not all, of the members of the association, and one of the issues here is whether these persons who paid for the property became its owners as individuals.

In 1920 representatives of the various telephone lines started to organize a corporation to operate the switchboard and control such lines. The name of the corporation was to be Farmers Mutual Telephone Company of Palo. Articles of Incorporation were executed and by-laws were approved. However, subsequent investigation of similar operations in a neighboring town resulted in a decision not to form a corporation. Hence the articles were not filed and the planned organization was abandoned. Thereafter operations were carried on as formerly by the unincorporated association under the name of Farmers Mutual Telephone Company. Although, from time to time, changes were made in some details of its organization and operations, it continued to function in the same general manner until 1956. In that year Palo Cooperative Telephone Association, a corporation, was organized to furnish telephone service for the territory then served by the Farmers Mutual. The directors and most of the officers of the new corporation were the same as those of Farmers Mutual Telephone Company.

The new company raised $30,000 by the sale of its capital stock, and purchased a building, telephone equipment, wires and poles. It commenced operations in 1957. With its more modern equipment and service it promptly and almost completely superseded the old switchboard company. Several, only, of the one hundred and thirty old telephones remained installed, calls through the old switchboard decreased to less than one per day and it no longer had toll connections with outside lines. It levied no annual assessment in 1957 and virtually discontinued its operations.

After this suit was instituted in 1956 as a partition suit, amendments to the petition were filed, in one of which the

dissolution of Farmers Mutual Telephone Company was sought. By amendment it was pleaded, also, that the suit was brought against the defendants individually and as representatives of all members of defendant Farmers Mutual Telephone Company, as a class. There were twenty named plaintiffs and fifty-four named defendants including the directors and officers of Farmers Mutual Telephone Company and the company itself. Upon trial the court ordered and adjudged that the real estate be partitioned among certain plaintiffs and defendants as contributors to the purchase fund and that a further hearing be had to determine the share of each. The judgment entry recited also that the amendment which sought the dissolution of Farmers Mutual Telephone Company, for the purpose of distributing its personal property, including the bank deposit approximating $4000, was not proper. From the part of the judgment partitioning the realty among such contributors, etc., defendants have appealed.

Plaintiffs have appealed from the parts of the judgment adverse to them. Their brief states: "The court erred in denying partition of the bank account of the Farmers Mutual Telephone Company." Defendants do not resist plaintiffs' appeal and, in oral argument, request that all the affairs of Farmers Mutual Telephone Company be settled in this suit.

I. Plaintiffs pleaded that in March 1921 they and certain defendants pooled their resources and, with $15 contributed by each, purchased the house and lot for $1350, for the purpose of an accommodation for use as a terminal for the telephone lines, the owners of which agreed to pay for the maintenance thereof and that the title to said real estate was, for convenience, taken in the name of Farmers Mutual Telephone Company. The answer denied these allegations and alleged the ownership of the property was intended to be and was taken in the name of Farmers Mutual Telephone Company, a voluntary unincorporated association, whose members had no severable interest in its assets.

The purchase of this property was made through Farmers Mutual Telephone Company and title was taken in that name, but only part of the owners of telephones serviced by the switchboard contributed to the purchase fund. Plaintiff C. Ira Lewis,

who, as secretary of the switchboard company, participated actively in the transaction, testified the $1350 purchase price was obtained by the subscription of ninety shares of $15 each (there were some half shares), and that each subscriber owned a share or shares in the property, which he might sell or otherwise dispose of, or which would be taken over by the company on a sliding scale of prices. Witnesses for defendants disagreed with this version of the transaction.

Apparently there were no written rules or regulations of the switchboard company which might bear upon this issue. However, various purchases of shares in the real estate made by the company, as shown by its books of account, support plaintiffs' contention and the testimony of the witness Lewis. The books of the company show payment, October 13, 1921 to T. Cole $15 for "share in house." Subsequent payments thus shown are: "G. B. Wright, share, $6.00; J. G. Mather, share $12.00; 1922, S. R. Fraken, share $12.00; 1923, Lint, share $11.00; and 1927, Geo. Greenwood, house share, $11.00." The consideration for an $11 payment made Harry Vogt is not shown. These purchases of shares in the house were made by Farmers Mutual Telephone Company from time to time over a term of years. They furnish strong evidence that the members of the association understood that the persons who sold it the shares in the house owned such shares. It should be observed that the list of such purchases is not here presented as being complete or without error.

The trial court found the real estate was purchased by contributing persons, under the agreement, substantially as contended by plaintiffs, that each contributor to the purchase price would own a share therein proportionate to his contribution. Giving this finding of the trial court the substantial weight to which it is entitled, a like finding by this court is required by the record. Hence, we conclude the original contributors, their successors and assigns, are the equitable owners of the real estate and each is entitled to participate in the net proceeds of its partition in an amount proportionate to the share held by him. Membership in the association is not essential to such participation. The shares purchased by Farmers Mutual Telephone Company from some of the original subscribers would be entitled to

participate with the others and the proceeds from such shares would inure to the benefit of the company or its members as such, rather than to other holders of shares in the real estate.

■ II. The finding of facts by the trial court stated the new company, Palo Cooperative Telephone Association, had approximately one hundred and sixty telephones connected to its lines, including almost all those which had been connected with the old company, which company no longer functioned actively, and the court ordered and adjudged that the "real estate is no longer needed for the purposes for which it was originally purchased" and that it be partitioned.

With that part of the judgment we agree. For the reasons there stated, the existence of the old association is no longer required nor justified and it should be dissolved, its affairs formally terminated and its net assets or the proceeds thereof divided among those entitled to them. These assets seem to be its telephone switchboard and equipment, the shares in the real estate purchased by it from some of the subscribers, and approximately $4000 deposited in a bank, most of which appears to have been accumulated from switchboard fees, tolls and assessments collected during the last few years the association operated.

■ III. We conclude such dissolution and disposition of its assets can be most expeditiously accomplished upon remand of this case to the trial court. Having taken jurisdiction of the case, equity will ordinarily retain jurisdiction for all purposes necessary to dispose of all issues involved in it. Lovrien v. Fitzgerald, 245 Iowa 1325, 66 N.W.2d 458; 19 Am. Jur., Equity, section 127. Reference has been made herein to shares in the real estate purchased by the association from some of the original holders thereof. The part of the judgment partitioning or disposing of the real estate should take into account the interest of the association or its members, as such, represented by these shares.

■ IV. We have already stated Farmers Mutual Telephone Company of Palo is a voluntary unincorporated association. Lamm v. Stoen, 226 Iowa 622, 626, 284 N.W. 465, 467, 121 A. L. R. 627, 631, states:

"The association name or title may be regarded as a designation of the individuals which it represents. Byam et al. v. Bickford, 140 Mass. 31, 2 N.E. 687."

See also 21 Iowa Law Review 209.

 Although members of such an association generally have no severable or transferable interest in its assets, they are regarded as the beneficial owners in common thereof in equal shares and, as such, are entitled to have such property distributed among themselves upon its dissolution. Generally this does not include former members who no longer belong to the association. 4 Am. Jur., Associations and Clubs, sections 15 and 33; 7 C. J. S., Associations, sections 9a(2), 9a(3), 9b, 10b, 24, 27b; Annotation, 168 A. L. R. 956.

We do not understand the parties are in substantial disagreement upon most of the legal propositions referred to in this division.

The judgment is affirmed in part and reversed in part and the cause is remanded for further proceedings in accordance herewith. The costs upon appeal are ordered taxed to Farmers Mutual Telephone Company, to be paid from the proceeds of the real estate and the proceeds of other assets in such proportions and amounts as the district court may order upon the disposition of the case.—Affirmed in part, reversed in part and remanded.

All JUSTICES concur except THOMPSON, J., who takes no part.