MARION BOYER, appellant, v. IOWA HIGH SCHOOL ATHLETIC ASSOCIATION, appellee.

No. 51848.

(Reported in 138 N.W.2d 914)

286.

DECEMBER 14, 1965.

William Pappas, of Mason City, for appellant.

Westfall, Laird & Burington, of Mason City, for appellee.

RAWLINGS, J.—On or about March 13, 1961, defendant Iowa High School Athletic Association conducted a district basketball tournament at the Roosevelt Junior High School gymnasium in Mason City.

On February 15, 1963, plaintiff brought an action in tort naming Iowa High School Athletic Association alone as party defendant. By her petition plaintiff alleges she bought a ticket, attended a game conducted by defendant-association, sat in bleachers which collapsed, and she was injured.

Original notice was served upon Lyle Quinn, executive secretary of the association. A general appearance was then filed by attorneys for defendant. Later defendant filed answer and for the first time asserted it was a voluntary association, could not be sued, and alleged it was performing a governmental function.

Plaintiff filed reply denying both the claimed voluntary unincorporated status of defendant or that defendant-association was entitled to governmental immunity.

The case went to jury trial on November 17, 1964. At close of plaintiff's testimony the trial court sustained defendant's motion for a directed verdict holding, in effect, defendant-association was not a suable entity and that service of notice on the association's secretary was legally insufficient. At direction of the court verdict was entered for defendant.

Plaintiff appeals contending defendant (1) waived right to assert it was not a suable entity and (2) was estopped to deny lack of capacity to sue.

I. At common law an unincorporated association is not capable of suing or being sued in the common or association name, but the trend of modern decisions is to permit suit against an association where the case is one demanding existence of the equitable doctrine of representation of parties. Iowa permits such actions where waiver or estoppel exists. United Packing House Workers v. Boynton, 240 Iowa 212, 218, 35 N.W.2d 881.

In this connection Iowa has recognized the suable status of

associations by what is known as class actions. Rule of Civil Procedure 42, Code, 1962. Provision has also been made for service of notice upon associations suable by a common name. Rule of Civil Procedure 56(f) and (g), Code, 1962. Admittedly these rules do not per se make an unincorporated association subject to suit by common name, but they do mean an association may be sued by its common name with the joinder as parties defendant of one or more of those identified with the organization who are representative of the class. This is premised upon the doctrine of virtual representation. 67 C. J. S., Parties, section 13(a), page 918. So, if plaintiff had joined as parties defendant one or more of those representative of the class, defendant would have had no basis for complaint.

In the case now before us notice was served upon the executive secretary of defendant-association. Counsel for defendant then appeared and later the association filed answer.

In United Packing House Workers v. Boynton, supra, none of those joined as representatives of the class appeared and the trial court proceeded to appoint an attorney to represent the class or group. We held this was proper, and sufficient to subject the association and all members to the jurisdiction of the court. Rule of Civil Procedure 47, Code, 1962.

In the case at hand appointment of counsel was not necessary by reason of the filing of a general appearance and answer.

But if a court-appointed attorney can effectively represent all of a class then surely an attorney appearing voluntarily, answering, and participating in trial stands in a similar position. It would be an anomaly, and certainly something of an inconsistency for counsel to contend he appeared and answered for no one.

II. This brings us to Rules of Civil Procedure 65, 66, 87 and 104, Code, 1962. These rules provided as follows:

"65. General appearance. A general appearance is any appearance except a special appearance. It is made either by:

"(a) Taking any part in a hearing or trial of the case, personally or by attorney, or

"(b) By a written appearance filed with the clerk, or a notation on the appearance docket or oral announcement in open court;

"(c) By filing a motion or pleading, other than under a special appearance.

"66. Special appearance. *A defendant may appear specially, for the sole purpose of attacking the jurisdiction of the court, but only before his general appearance.* The special appearance shall be in writing, filed with the clerk and shall state the grounds thereof. If his special appearance is erroneously overruled, he may plead to the merits or proceed to trial without waiving such error." (Emphasis supplied.)

"87. Appearance alone. An appearance without motion or pleading shall have the effect only of submitting to the jurisdiction. The court shall have no power to treat such appearance as sufficient to delay or prevent a default or any other order which would be made in absence thereof, or of timely pleading."

"104. Exceptions. Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that:

"(a) *Want of jurisdiction of the person, or insufficiency of the original notice, or its service must be raised by special appearance before any other appearance, motion or pleading is filed*; and want of jurisdiction of the subject matter may be so raised;

"(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer.

"(c) Sufficiency of any defense may be raised by motion to strike it, filed before pleading to it.

"(d) Such motions must specify wherein the pleading they attack is claimed to be insufficient." (Emphasis supplied.)

There is no question but that the district court had jurisdiction of the subject matter. Section 604.1, Code, 1962; Fabricius v. Montgomery Elevator Co., 253 Iowa 860, 861, 114 N.W.2d 297; and Groves v. Donohue, 254 Iowa 412, 417, 118 N.W.2d 65.

■ Defendant could and should have filed a special appearance if it desired to challenge jurisdiction of the person. Rule of Civil Procedure 104(a), Code, 1962, and Conrad v. LeMoines, 253 Iowa 320, 324, 112 N.W.2d 360. This it failed to do. We are

satisfied that when the association appeared generally it then unequivocally submitted itself to the jurisdiction of the court. Baker v. Baker, 248 Iowa 361, 364, 81 N.W.2d 1, 64 A. L. R.2d 1421.

In the comparable case of Herald v. Glendale Lodge No. 1289, B. P. O. E., 46 Cal. App. 325, 189 P. 329, defendant, an unincorporated association, was sued in its associate name. The court there cast aside a special statute permitting actions against business associations as such, and at pages 331, 332 of 189 P., said:

"However, irrespective of which of the conflicting constructions of the Code section under consideration should prevail, we are of the opinion that there has been a waiver of the point that in this instance suit was improperly instituted in the associate name of the lodge. The question presented does not involve the sufficiency of the cause of action as pleaded, or jurisdiction of the court, particularly in view of the fact that it is not the circumstance that defendant is an unincorporated association, but the class of unincorporated associations to which it belongs, that is the test of the liability to suit under the association name. An appearance was entered here by the defendant in the name under which suit was brought, without, by motion, demurrer, or answer, raising the point of misnomer or misjoinder or legal capacity of parties. Under section 434 of the Code of Civil Procedure, all objections not so taken, and not going to the sufficiency of the cause of action or the jurisdiction of the court, are waived."

See also United Mine Workers v. Coronado Coal Co., 259 U. S. 344, 385–393, 42 S. Ct. 570, 574–577, 66 L. Ed. 975, 27 A. L. R. 762; United Packing House Workers v. Boynton, supra; Baird v. National Health Foundation, 235 Mo. App. 594, 144 S.W.2d 850; Hotel, Restaurant etc., Local Union v. Miller, 272 Ky. 466, 114 S.W.2d 501, 503; Commonwealth v. Dortort, 205 Pa. Super. 211, 208 A.2d 797; Schivera v. Long Island Lighting Co., 61 N. Y. S.2d 430; Labonite v. Cannery Workers etc., 197 Wash. 543, 86 P.2d 189; 6 Am. Jur.2d, Associations and Clubs, section 47, page 480, and sections 51, 52, pages 485–488; 7 C. J. S., Associations, section 36(a), pages 89, 90.

It follows the district court erred in sustaining defendant's motion for directed verdict upon the basis the court did not have jurisdiction.

III. Defendant argues the trial court correctly sustained the motion for directed verdict because defendant is immune from liability.

The court did not base its conclusions leading to a directed verdict upon this premise. However, it was urged by defendant in support of its motion and to the extent permitted, defendant is entitled to a determination of the issue on this appeal. Anthes v. Anthes, 255 Iowa 497, 502, 122 N.W.2d 255; Markman v. Hoefer, 252 Iowa 118, 123, 106 N.W.2d 59.

Defendant asserted by answer that in conducting the basketball tournament it was performing a governmental function. This appears to be nothing more nor less than a legal conclusion inferentially claiming defendant is entitled to the benefit of what is known as governmental immunity. Plaintiff, by her reply, denies defendant is entitled to any such exemption.

No showing is made by defendant to support the claim made and our review of the issue presented is accordingly limited.

We have consistently recognized the doctrine of governmental immunity and its application to schools and school districts. Boyer v. Iowa High School Athletic Assn., 256 Iowa 337, 127 N.W.2d 606; Bruggeman v. Independent Sch. Dist., 227 Iowa 661, 289 N.W. 5; Larsen v. Independent Sch. Dist., 223 Iowa 691, 272 N.W.2d 632.

As was pointed out in Boyer v. Iowa High School Athletic Assn., supra, this doctrine of immunity applies because a school district is a quasi corporation, an arm or agency of the State created by legislative enactment.

And in the case of Silver Lake Consol. Sch. Dist. v. Parker, 238 Iowa 984, 989, 29 N.W.2d 214, this court said: "The affairs of the public schools are administered by a school board, and such schools are organized into districts for the purpose of management, control, and government. The powers of the board of education or directors, as laid down in the Code, apply only to the public schools, except as otherwise stated."

We have been referred to no statutes relating to schools

or school districts which either directly or indirectly recognize defendant-association. In fact, there is nothing before us which discloses defendant is an arm or agency of the State created by legislative enactment.

To the extent permitted on this appeal, we can only conclude defendant-association is not entitled to that immunity from tort liability which is accorded schools and school districts.

The able trial court erred in directing a verdict for defendant. We must reverse and remand the case for new trial.—Reversed and remanded.

All JUSTICES concur.