E. J. COUGHLON, appellant, v. IOWA HIGH SCHOOL ATHLETIC ASSOCIATION et al., appellees.

No. 52482.

(Reported in 150 N.W.2d 660)

MAY 2, 1967.

704

Arthur J. Crawford, of Fort Dodge, for appellant.

Johnson, Burnquist & McCormick, of Fort Dodge, for appellees.

RAWLINGS, J.—Law action by plaintiff spectator against Iowa High School Athletic Association and several public school districts to recover for personal injuries resulting from collapse of bleachers at a high school basketball tournament.

Special appearance by defendants was sustained by the trial court and plaintiff appeals.

In appearing specially defendants contend they are entitled to sovereign immunity, having the legal status of governmental subdivisions of the state, and defendant association is not a suable entity.

Plaintiff asserts the trial court erred in sustaining this special appearance.

We reverse in part and affirm in part.

I. Findings of fact on a hearing in connection with a special appearance have the status of a jury verdict. But in this case the trial court made no findings of fact or conclusions of law. See Griffel v. Northern Natural Gas Co., 257 Iowa 1140, 1143, 136 N.W.2d 265, 267.

II. Plaintiff neither challenged the special appearance procedurally nor entered objection or resistance to it. In this regard see rule 104, R. C. P.; Tice v. Wilmington Chemical Corporation, 259 Iowa 27, 34, 141 N.W.2d 616, 621, Supplemental Opinion, 259 Iowa 47, 143 N.W.2d 86; and Conrad v. Le Moines, 253 Iowa 320, 323, 326, 112 N.W.2d 360.

III. Defendants contend this is a class action. However we need not belabor the issue. In Lamm v. Stoen, 226 Iowa 622, 284 N.W. 465, 1 A. L. R. 627, this court held, where a plaintiff proceeds by a representative class action the members of the association are treated as a whole and the unincorporated association is in effect treated as a legal entity. See also Wilson

& Co. v. United Packinghouse Wkrs. of America, 181 F. Supp. 809.

Plaintiff's action is against the Iowa High School Athletic Association, the officers being named and identified, with certain school districts designated as members of the organization.

■ Here, as in Boyer v. Iowa High School Athletic Association, 258 Iowa 285, 138 N.W.2d 914, 917, 918, there is nothing before us disclosing defendant association is a quasi corporation, an arm or agency of the State. Neither is there any other apparent basis upon which to conclude it is entitled to the immunities commonly accorded governmental bodies.

Even though it be conceded this unincorporated association is not a legal entity separate and apart from its members it is still a matter of common knowledge that various parochial schools, not enjoying governmental immunity, are members of and participate in the affairs of defendant organization.

This alone would preclude any possible immunity by delegation or representation.

IV. Courts are not required to close their eyes to the realities of a situation such as that here presented.

■ Although defendant association be characterized as serving a beneficent purpose, we still take judicial notice of the fact it engages, to some extent at least, in activities of a general business nature. Were this not so it could not effectively function.

■ And where as here an unincorporated association exercises the rights and powers of a legal entity, it should, to the extent reasonably and legally possible, be held to assume corresponding duties and obligations. Anything less would be unjust and unreasonable.

■ But even if doubts be entertained justice dictates the recognition of defendant association as a suable entity, if only upon the basis of virtual representation. Boyer v. Iowa High School Athletic Association, 258 Iowa 285, 138 N.W.2d 914, 915.

Furthermore, specific provision is made in this state for service of process upon associations and other organizations.

Rule 56, R. C. P., provides in part:

"Original notices are 'served' by delivering a copy to the proper person. Personal service may be made as follows:

"* * *

"(f) Upon a partnership, or an association suable under a common name, or a domestic or foreign corporation, by serving any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice, or on the general partner of a partnership.

"(g) If the action, whether against an individual, corporation, partnership or other association suable under a common name, arises out of or is connected with the business of any office or agency maintained by the defendant in a county other than where the principal resides, by serving any agent or clerk employed in such office or agency." See also rule 60(k), R. C. P.

■ And defendant, being an identifiable entity, is amenable to process as provided in rule 56, supra.

Also, in the absence of any showing to the contrary, it is assumed the named officers of the association were served with notice in accord with this rule.

■ It logically follows that where as here there has been statutory service of notice on the officers of defendant association, it constitutes a lawful and effective notice in lieu of notice to representative members of the class. 7 C. J. S., Associations, section 36(c)(2), page 94.

■ The trial court clearly had jurisdiction of the subject matter. Section 6, Article V, Iowa Constitution; section 604.1, Code, 1966; Groves v. Donohue, 254 Iowa 412, 417, 118 N.W.2d 65; and Fabricius v. Montgomery Elevator Co., 253 Iowa 860, 861, 114 N.W.2d 297.

We conclude the special appearance should have been overruled as to defendant Iowa High School Athletic Association.

Lending some degree of support to the foregoing conclusion are Thune v. Hokah Cheese Co., 260 Iowa 347, 149 N.W.2d 176; United Packing House Workers v. Boynton, 240 Iowa 212, 35 N.W.2d 881; United States v. White, 322 U. S. 694, 64 S. Ct. 1248, 88 L. Ed. 1542, 152 A. L. R. 1202; United Mine Workers of America v. Coronado Coal Co., 259 U. S. 344, 42 S. Ct. 570,

6 L. Ed. 975, 27 A. L. R. 762; Bubble Up Bottling Co. v. Lewis, Tex. Civ. App., 163 S.W.2d 875; and Teubert v. Wisconsin Interscholastic Athletic Association, 8 Wis.2d 373, 99 N.W.2d 100.

 V. However the individual school districts, joined as parties defendant, stand in an entirely different position.

In Boyer v. Iowa High School Athletic Association (1964), 256 Iowa 337, 127 N.W.2d 606, this court held school districts, being quasi corporations, are entitled to all the benefits of governmental immunity, any change in that concept being best determinable by the legislature.

This holding now finds added support in the fact that the Sixty-first General Assembly, convened in 1965, elected to waive the common-law tort immunity of the state, but in so doing did not include the various municipalities or quasi corporations. See Graham v. Worthington, 259 Iowa 845, 146 N.W.2d 626, 633.

Whether defendant school districts were made parties to this action individually or as representative members of the class is, under the circumstances, a matter of little or no consequence.

By virtue of the views previously expressed, they are not necessary parties and are individually entitled to the benefit of governmental immunity.

Under these circumstances we find no error in the order sustaining the special appearance as to each of them.

VI. The order of the trial court sustaining the special appearance as to each of the defendant school districts is affirmed.

However, as to defendant Iowa High School Athletic Association, the order of the trial court sustaining the special appearance is reversed and the case remanded for proper order and further proceedings consistent herewith.—Affirmed in part, reversed in part and remanded for order and further proceedings consistent with this opinion.

GARFIELD, C. J., and LARSON, SNELL, MOORE, STUART and MASON, JJ., concur.

BECKER, J., concurs in result.