Helen **ISEMINGER**, Administratrix of the Estate of Paul A. Iseminger, Deceased, Appellant,

v.

**BLACK HAWK COUNTY**, Iowa, and the Board of Supervisors of Black Hawk County, and F. W. Robbins, William J. Beck, Don C. Price, Donald F. Sage, and Clarke Lichty, Members thereof, and Black Hawk County Conservation Board, and Robert Hare, William Robinson, Wayne Foulk, Robert Hughes, and Everett Morris, Members of said Black Hawk County Conservation Board, Appellees.

No. 53509.

Supreme Court of Iowa.

March 10, 1970.

J. R. McManus, and Leo S. Ballard, Des Moines, for appellant.

Roger F. Peterson, County Atty., and Reed, Merner, Sindlinger, Baker & Sabbath, Cedar Falls, and Swisher & Cohrt, Waterloo, for appellees.

LARSON, Justice.

In an action at law commenced on June 21, 1968, plaintiff, as administratrix of the estate of her deceased son, Paul A. Iseminger, sought recovery in damages for his death by drowning on June 30, 1966, in a gravel pit pool located in Black Hawk Park, a duly established park in Black Hawk County, Iowa. She based her cause of action against Black Hawk County, the County Board of Supervisors and its members, and the County Conservation Board and its members, upon the negligence of the defendants in establishing, controlling, maintaining and operating the park in which the gravel pit pool was located, and upon the operation of the park and pool in such a manner as to create and maintain a nuisance therein.

Pursuant to a motion to dismiss filed July 23, 1968, raising the doctrine of governmental immunity as a defense, joined in by all defendants, the trial court sustained the motion and rendered judgment against plaintiff for costs on October 17, 1968. Plaintiff appeals. We affirm.

In her propositions relied upon for reversal appellant contends: (1) The trial court erred in holding that defendant governmental corporations are not liable for injuries and damages due to dangerous conditions resulting from negligence, misfeasance or nonfeasance, in governmental matters, because tort liability may arise if a governmental corporation negligently fails to perform its duty and dangerous conditions result which cause injury to one properly availing himself of the tendered services. (2) The trial court erred in ruling that the immunity of a governmental corporation for acts done in the performance of governmental functions extends to cases of personal injury or death resulting from a nuisance created and maintained by such a corporation, because it is liable for such injuries even if the nuisance was created or maintained in the course of the discharge of public duties or governmental functions. (3) The doctrine of sovereign immunity is not available to the individual defendants as a defense to the negligence count in plaintiff's petition or the nuisance count, because since governmental corporations are liable, the individual defendants are also personally liable.

We have substituted the words "government corporation" for "municipal corporation" used by appellant in these propositions in view of the fact that governmental immunity laws relating to municipal corporations would, as we shall point out, apply differently to quasi corporations under consideration here.

In Count I of her petition plaintiff alleged (1) that the defendant Black Hawk County is a political subdivision and agency of the State of Iowa, and the individual defendants named are its members; that the defendant Black Hawk County Conservation Board is also a political subdivision and agency of Black Hawk County and of the State of Iowa, and the individual defendants named are its members; (2) that under and by virtue of the provisions of chapter 332, Code 1966, and chapter 111A of the Code, the County and Conservation Board had the power to acquire, develop, maintain, administer, control, plan, preserve, and make available to the public, public parks, preserves, parkways, playgrounds, recreational centers, and other recreational areas; (3) that the defendant County had established the defendant Conservation Board pursuant to statutory authority, that it had selected and appointed the members of the defendant Conservation Board, that it had acquired the land where Black Hawk Park is situated in the County, had employed representatives to operate the park as a recreational area for the benefit of the inhabitants of the County, and that it has thereafter controlled, maintained, administered, planned, developed, and operated it as a recreational facility; (4) that within the park a gravel pit is located which contains a pool of water which has been customarily used by the public as a swimming pool and swimming area, to the knowledge of defendants; that by so establishing, controlling, maintaining, administering, and operating said park, the defendants invited the public, generally, including plaintiff's decedent, to use said pool and swimming area, and that within that area there were deep, dangerous water holes, sandbars, drop-offs, and hazardous currents; (5) that plaintiff's son and a companion were wading in this pool on June 30, 1966, when decedent lost his footing and drowned; (6) that defendants negligently failed to perform their duty in the operation of the park and pool, resulting in an unsafe and dangerous condition therein; that because of this breach of duty the plaintiff's decedent drowned; and that they were negligent in the following specifications: (a) in failing to post any warning signs or notices to advise decedent and the public, generally, of the danger in using said pool; (b) in failing to have on duty and to provide and maintain a lifeguard to warn the decedent, Paul A. Iseminger, and the public, generally, of the dangers in the use of said pool and the swimming area referred to; (c) in failing to maintain a fence, guardrail, or other barrier to prevent persons using the park from

having access to the pool and swimming area mentioned; (d) in failing to maintain and establish adequate and proper safeguards and precautions for the protection of the public, including plaintiff's decedent, to the detriment of the health, welfare, and safety of the public, generally, and of the decedent; (7) that defendants knew, or in the exercise of reasonable care should have known, of this dangerous condition, and that the death of Paul A. Iseminger was the direct and proximate result of defendants' negligence; (8) that the estate of Paul A. Iseminger has been damaged in the sum of $60,000, and this amount together with interest and costs were asked.

In Count II plaintiff realleges parts of Count I and further alleges: (1) that the conditions in the park and swimming area previously alleged were of long standing, were known to all defendants, and that they also knew the public regularly used this area for wading, swimming and bathing; (2) that the pool area had no warning signs or notices, no lifeguard, no depth markers or buoys, and that no examination of the bottom of the pool had been made, that no fences, guardrails, barriers or safeguards of any kind, had been installed, nor had any facilities of first aid or lifesaving for those using the pool been established; (3) that the area as it existed was treacherous and dangerous to the public and constituted a nuisance to the public and plaintiff's decedent; (4) that plaintiff's decedent died as a direct and proximate result of the existence and maintenance of the nuisance created and maintained by defendants in Black Hawk Park; (5) that decedent's estate has been damaged in the amount of $60,000 and judgment is demanded of defendants therefor, plus interest and costs.

In substance, the defendants based their motion to dismiss for failure to state a cause of action on the grounds that (1) they are either political subdivisions (quasi corporations) of the State or members of an administrative board of the County (quasi corporation) and, as such, are in-

sulated and protected as a matter of law from any and all liability for damages resulting from personal injury on the premises, on the theory of governmental or sovereign immunity; (2) that plaintiff has failed to allege any duty breached by defendants giving rise to liability for the death of Paul A. Iseminger; and (3) that as administrative boards, the Board of Supervisors and the Conservation Board lack the capacity to sue or be sued and are as a matter of law not liable for this unfortunate accident.

In the alternative, all defendants moved to strike certain parts of Counts I and II, but only in case their motion to dismiss was overruled. The trial court found no occasion to consider that motion and, due to our conclusion on the motion to dismiss, neither do we.

In its ruling on defendants' motion to dismiss Counts I and II of plaintiff's petition the trial court found that the Black Hawk County Board of Supervisors and the Black Hawk County Conservation Board were performing governmental functions and, as quasi corporations, are entitled to immunity from liability under the circumstances alleged in plaintiff's petition; that under the plaintiff's complaint the defendants were not guilty of maintaining a nuisance within the provisions of section 657.1 of the Code such as would constitute an exception to the general rule of governmental immunity. It further concluded this immunity extends to the individual members of the defendant boards who are made defendants herein. In sustaining the motion as to all defendants, it ordered that the plaintiff's petition be dismissed. On October 17, 1968, judgment was entered accordingly.

I. A pleading which does not state a claim on which any relief can be granted is subject to dismissal when challenged by a timely motion to dismiss. Rule 104, R. C.P. Also see Hinrichs v. Iowa State Highway Comm., 260 Iowa 1115, 1128, 152 N.W.2d 248, 256; Newton v. City of

Grundy Center, 246 Iowa 916, 921, 70 N.W. 2d 162, 165.

As already indicated, we are here limited to the pleadings, which consist of plaintiff's petition and defendants' motion to dismiss. Of course, when considering a motion to dismiss, well-pleaded, relevant, issuable facts are deemed true. Gardner v. Charles City, 259 Iowa 506, 509, 144 N.W. 2d 915, 917, and citations. Assuming without conceding a good cause was stated, unless defendants are insulated and protected as a matter of law from any negligence in maintaining the park and pool, or in knowingly permitting the existence of a nuisance in the park, this motion should have been overruled. Appellees, however, contend the doctrine of governmental or sovereign immunity as it relates to (1) negligent conduct and (2) the maintenance of a nuisance is applicable here.

II. In Count I of her petition plaintiff relies upon claimed defendant negligence which was a proximate cause of this accident. In addition to their immunity plea, defendants attack plaintiff's pleading as defective in failing to allege a breached duty which gives rise to liability for this fatality. Nevertheless, as we see it, the nub of this controversy in Count I is whether all defendants were as a matter of law insulated and protected from liability for negligence under the doctrine of governmental immunity. For the reasons hereafter set forth, we believe they were.

III. The law is clear that in this jurisdiction, at the time this action was brought, a quasi corporation such as a county or school district was not liable for injuries and damages due to dangerous conditions resulting from its own negligence in governmental matters. Wittmer v. Letts, 248 Iowa 648, 80 N.W.2d 561; Perkins v. Palo Alto County, 245 Iowa 310, 60 N.W.2d 562; Shirkey v. Keokuk County, 225 Iowa 1159, 257 N.W. 706, 281 N.W. 837; Soper v. Henry County, 26 Iowa 264 (1868); Coughlon v. Iowa High School Athletic Ass'n, 260 Iowa 702, 150 N.W.2d 660

(1967); Graham v. Worthington, 259 Iowa 845, 146 N.W.2d 626; Boyer v. Iowa High School Athletic Ass'n, 256 Iowa 337, 127 N.W.2d 606; Larsen v. School District, 223 Iowa 691, 272 N.W. 632.

Political divisions such as counties, school districts, etc. which are established without any express charter or act of incorporation and clothed with but limited powers we have said, are called quasi corporations, and no action can be maintained against corporations of this class by a private person for their neglect of public duty, unless such right of action is expressly given by statute. Larsen v. School District, supra; Kincaid v. Hardin County, 53 Iowa 430, 431, 5 N.W. 589, 590. These quasi corporations are to be distinguished from municipal corporations proper, such as cities, which are more amply endowed with corporate functions conferred in general at the request of the inhabitants of the municipality for their peculiar and special advantage and convenience. Boyer v. Iowa High School Athletic Ass'n, supra, and citations.

In the early case of Soper v. Henry County, at pages 267 and 271 of 26 Iowa, speaking of the liability of involuntary divisions of the State, we said: "To the statute they owe their creation, and the statute confers upon them all the powers which they possess, prescribes all the duties which they owe, and imposes all the liabilities to which they are subject. * * * If the county ought to be liable in such a case, the remedy must be sought from the legislature." We must adhere to that pronouncement but, in passing, we note that in 1967 the legislature did provide such a remedy by enacting Chapter 405, Acts of the 62nd General Assembly, which became effective January 1, 1968. Chapter 405, supra, made counties, school boards, etc., liable in tort with certain statutory restrictions not applicable here. See Graham v. Worthington, supra. Unfortunately this legislation came too late to aid plaintiff, and we must determine this case on the law as it stood prior to January 1, 1968.

True, we have in the past recognized three exceptions to the rule of nonliability of quasi-public corporations: (1) Counties had been held liable for injury from defective bridges and approaches thereto until overruled in Post v. Davis County, 196 Iowa 183, 191 N.W. 129. (2) School districts were held liable for damages for a nuisance involving other private property. Ness v. Independent School Dist., 230 Iowa 771, 298 N.W. 855. (3) Quasi corporations have been held liable for damages in cases involving a proprietary function, not a governmental function. Wittmer v. Letts, supra. It is clear that none of these exceptions apply as to the negligence count.

IV. In Count II of plaintiff's petition she alleges that all defendants are liable for acts done in the performance of their governmental functions which create and maintain a nuisance, and she contends in this appeal that, when by such acts a dangerous and treacherous condition is alleged or appears, liability therefor cannot be denied by the application of the governmental immunity doctrine. In support thereof she cites and relies for the most part on cases involving only municipal corporations. Florey v. City of Burlington, 247 Iowa 316, 73 N.W.2d 770; Hall v. Town of Keota, 248 Iowa 131, 79 N.W.2d 784; Fitzgerald v. Town of Sharon, 143 Iowa 730, 121 N.W. 523. For the reasons heretofore announced, we have applied the immunity doctrine differently in cases involving municipalities and those involving quasi corporations.

■ Generally, we have not recognized any real distinction between negligence and nuisance cases in applying the governmental immunity doctrine. The legislature apparently makes no such distinction. It classifies them alike. In Section 1(3), Chapter 405, Acts of the 62nd General Assembly, it provides: " 'Tort' means every civil wrong which results in wrongful death or injury to person or injury to property and includes but is not restricted to actions based upon negligence, breach of duty, and *nuisance*." (Emphasis supplied.) Section 2 of this Act provides: "Except as otherwise provided in this Act, every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function." "Municipality" in that Act is defined as "city, town, county, township, school district, and any other unit of local government."

It would, therefore, appear that prior to the enactment of Chapter 405, whether a quasi corporation is liable for damages due to negligent maintenance of its park or to the maintenance of a nuisance thereon should be judged by the same rules.

■ Appellant places considerable reliance on Ness v. Independent School District, supra, 230 Iowa 771, 298 N.W. 855, involving liability for damages for maintenance of a nuisance. In that case the court held, where a school district conducts a playground in such a manner as to constitute a private nuisance on an adjoining property, the district may be liable for damages. Regardless of the implication of that decision, we have definitely restricted that liability to situations where the nuisance extends to and involves property other than that maintained by the county or school district. See Ryan v. City of Emmetsburg, 232 Iowa 600, 4 N.W.2d 435. We have refused to extend it to cover the creation and maintenance of a nuisance on quasi-corporate property affecting only those using the facilities thereon. Larsen v. School District, supra, 223 Iowa 691, 272 N.W. 632; Boyer v. Iowa High School Athletic Ass'n, supra, 256 Iowa 337, 127 N.W.2d 606; Coughlon v. Iowa High School Athletic Ass'n, supra, 260 Iowa 702, 150 N.W.2d 660. Also see Boyer v. Iowa High School Athletic Ass'n, 258 Iowa 285, 138 N.W.2d 914.

Although we have often noted the three exceptions to governmental immunity of quasi corporations, we have definitely overruled the first of these involving bridges and bridge approaches and distinguished those involving proprietary func-

tions. Few, if any, jurisdictions have followed our exception set forth in Ness and we now entertain serious doubts as to any valid distinction between tort liability of a quasi corporation for negligence and nuisance.

■ In any event, we have carefully restricted the exception as to nuisances to cases which also involve private property. The alleged nuisance that exists solely within the bounds of the property subject to the control and maintenance of the quasi corporation, and causes injury or damage to a person rightfully thereon, we have said, is exactly that which is protected by the doctrine of sovereign immunity. Larsen v. School District, supra; Boyer v. Iowa High School Athletic Ass'n, supra, 256 Iowa 337, 127 N.W.2d 606.

In Larsen v. School District, supra, plaintiff fell from a platform when about to address the student body of the defendant school district. Pursuant to a discussion concerning liability for negligence and nuisance, we held that defendant could not be found liable for personal injuries on any theory of nuisance, much less negligence, because as a mere subdivision of the State, a quasi corporation performing governmental functions, it is entitled to governmental immunity.

In Boyer v. Iowa High School Athletic Ass'n, supra, 256 Iowa 337, 127 N.W.2d 606, some bleachers at a high school basketball tournament collapsed injuring plaintiff spectators. Governmental immunity was held to apply even though the injuries resulted from defective or dangerous conditions on the premises subject to the control of the school district.

Coughlon v. Iowa High School Athletic Association, supra, considered the same factual question and reaffirmed Boyer to the effect that school districts, being quasi corporations, are entitled to all of the benefits of governmental immunity.

No further discussion of those decisions is deemed necessary for, since the enact-ment of Chapter 405 by the 62nd General Assembly, the issue appears merely academic.

Clearly, both the alleged negligence in Count I and the alleged nuisance in Count II were solely related to facilities on park property.

■ We, therefore, conclude, as to the defendant Black Hawk County and its Conservation Board, recovery under plaintiff's allegations could not be had as a matter of law, and the trial court did not err in sustaining the motion to dismiss.

■ V. It is well established that sovereign immunity of quasi corporations extends to their individual officers for nonfeasance in the performance of their governmental duties. Genkinger v. Jefferson County, 250 Iowa 118, 93 N.W.2d 130 (1958). So long as the administrative duties being performed are governmental in nature, as opposed to proprietary, the immunity of the sovereign protects the administrative officers and they are not personally liable for the nonfeasance of the County, or themselves.

In Genkinger v. Jefferson County, supra, the county, the individual members of the board of supervisors, and the county engineer were sued for damages resulting from an accident at a "T" intersection of a county road. It was alleged they were negligent in failing to post signs and barricades. In holding these officers were not liable, we said at page 120 of 250 Iowa, 93 N.W.2d at 132: "An examination of these authorities shows the rule to be well established that as to the county and the individual members of the Board of Supervisors there is no liability for nonfeasance in the exercise of a governmental function. As to employees the rule is that a tortious act which causes injury to another in violation of a duty owed to the injured party makes the employee personally liable."

■ Nowhere in plaintiff's petition is there any allegation other than nonfeas-

ance of the board members in the exercise of a governmental function. The trial court, therefore, was correct in concluding that the individual members of the respective boards were protected by the doctrine of sovereign immunity and that their omissions or nonfeasance alleged did not state a cause of action against them.

The decision of the trial court must, therefore, be affirmed.

Affirmed.

All Justices concur, except UHLEN-HOPP, J., who takes no part.