Wendell J. KILTS, Appellant,

v.

AMERICAN LEGION OKOBOJI LAKES POST 654, American Legion, Dept. of Iowa; City of Arnolds Park, Iowa; Roy Sams; James E. Demarest; and their unknown heirs, devisees, grantees, assignees, et al., Appellees.

No. 96–1650.

Court of Appeals of Iowa.

March 27, 1998.

Donald J. Hemphill of the Hemphill Law Office, Spencer, for appellant.

Stephen F. Avery of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellee American Legion Okoboji Lakes Post 654.

Harold White of the Law Offices of Fitzgibbons Brothers, Estherville, for appellee City of Arnold Park.

Heard by HUITINK, P.J., and STREIT and MAHAN, JJ.

HUITINK, Presiding Judge.

Wendell J. Kilts appeals from an adverse summary judgment ruling in a quiet title action. We affirm.

### I. Background Facts and Proceedings.

This dispute concerns title to the following-described real property:

The East 47 feet of the North 131 feet of Lot 13 of the Auditor's Plat of Government Lots 1, 2, 3 and 4, all in Section 29, Township 99 North, Range 36 West of the 5th P.M., City of Arnolds Park, Dickinson County, Iowa.

American Legion Okoboji Lakes Post 654 (Post 654) acquired title to this property in its corporate name in October 1950. Kilts purchased the property at a tax sale following Post 654's failure to pay sidewalk and sewer assessments levied by the City of Arnolds Park. On March 24, 1994, Kilts published notice stating Post 654's right to redeem the disputed property from tax sale would expire unless redemption occurred within ninety days of the notice.

On June 17, 1994, prior to expiration of the redemption period, Ray B. Sams, acting as commander of Post 654, attempted to redeem

the property by tendering a cashier's check naming Post 654 as remitter in the required amount to the Dickinson County Treasurer. After the redemption period expired, the treasurer returned the check to Sams because the treasurer was advised by an assistant county attorney, now representing Kilts, that Post 654 was not eligible to redeem its property from tax sale. Kilts was then issued a tax deed by the treasurer.

Kilts filed this action seeking, in addition to other remedies, a decree quieting title to the disputed property. The district court granted Post 654's motion for summary judgment declaring the tax deed issued to Kilts was null and void as a matter of law. This determination was predicated on the court's findings that there were no genuine issues of material fact concerning Post 654's status as a legal entity or Sams' authority to redeem the disputed property on behalf of Post 654.

In this appeal Kilts contends the district court erroneously granted Post 654's motion for summary judgment. He argues there are genuine issues of material fact concerning both Post 654's existence as a legal entity and Sams' right to redeem on its behalf.

## II. Standard of Review.

We review summary judgment for errors of law. Iowa R.App.P. 4. Summary judgment is appropriate only if there exists no genuine issue of material fact. *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). This procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423.

When a motion for summary judgment is made and supported as provided in [Iowa R.Civ.P. 237], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Iowa R.Civ.P. 237(e).

## III. The Merits.

■ The summary judgment record includes evidence indicating Post 654 was incorporated in 1946 as a nonprofit corporation pursuant to Iowa Code section 394, *et seq.* (1924). Under that chapter, Post 654's corporate duration was fifty years. Post 654's articles of incorporation provided that its members were those persons who were members in good standing in Post 654. The summary judgment record also includes correspondence from the national headquarters of the American Legion stating Post 654's 1938 legion charter was valid despite its inactivity since 1992. Post 654 also submitted membership records indicating Sams was among three "paid up for life members" of Post 654. Affidavits from Wayne Soule and Sams indicate the remaining members of the Post designated Sams as its commander and agreed to redeem the disputed property from tax sale.

Under Kilts' theory, Post 654 was not eligible to redeem its property from tax sale because it no longer existed as a legal entity and, accordingly, lacked capacity to authorize anyone to act on its behalf. Kilts cites deposition testimony and exhibits indicating Post 654 failed to attend to corporate or other organizational formalities since 1992. He also cites the failure of those persons claiming existing Post membership to comply with applicable American Legion By–Laws in either Sams' election as post commander or authorization to redeem the property from tax sale on behalf of Post 654.

Despite Kilts' evidence suggesting adequate grounds for cancellation of Post 654's legion charter, the undisputed facts remain that Post 654 was a chartered American Le-

gion Post with a recognized membership. We also find counsel's bald assertions concerning Post 654's corporate viability insufficient to generate fact questions on Kilts' claims that Post 654 was never incorporated or was defunct because it failed to comply with essential corporate formalities. Even if Kilts were to establish either proposition, Post 654, by virtue of its existing membership and legion charter, was at the very least a voluntary, unincorporated association. *See, e.g., Goss v. Johnson,* 243 N.W.2d 590, 596 (Iowa 1976); *Boyer v. Iowa High School Athletic Ass'n,* 258 Iowa 285, 288, 138 N.W.2d 914, 915 (1965); *Rehder v. Rankin,* 249 Iowa 1201, 1206–07, 91 N.W.2d 399, 403 (1958).

■ Kilts' claim that Sams lacked authority to act on Post 654's behalf also fails as a matter of law regardless of Post 654's status as a corporation or voluntary association. None of the claimed procedural irregularities attending Sams' election as commander or authorization to redeem prevented Sams from acting on behalf of the corporation as its "de facto" commander. *See Arney v. Brittain & Co.,* 185 Iowa 1114, 1119, 171 N.W. 697, 699 (1919) (corporation is bound by acts of de facto officers where such acts would bind it if performed by de jure officers); *Herbst v. Held,* 194 Iowa 679, 684–85, 190 N.W. 153, 155 (1922) (doctrine of de facto officers provides that although officers may wrongfully hold office, their acts are sustained if performed within the scope of authority of their office).

Similarly, as a member of a voluntary association, Sams owned a beneficial interest in the disputed property in common with other members of Post 654 to the exclusion of former members of Post 654. *Rehder v. Rankin,* 249 Iowa 1201, 1207, 91 N.W.2d 399, 403 (1958). We believe Sams' beneficial. interest in the disputed property, and the membership's agreement to redeem it from tax sale, afforded him sufficient authority to act on Post 654's behalf as either its agent or an officer of the association.

We hold the district court properly concluded that there were no genuine issues of material fact concerning either Post 654's status as a legal entity or Sams' authority to act on its behalf.

Iowa Code section 447.9 provides in relevant part:

> Only those persons who are entitled to be served with a notice of expiration as provided in this section or who have acquired an interest in or possession of the parcel subsequent to the filing of the notice of the right of redemption are eligible to redeem a parcel from tax sale.

Among those entitled to service of notice are the person in whose name the parcel is taxed and any other person who has an interest of record. *Id.*

■ This statute expressly accommodates the competing interests implicated by its provisions. The timing, substance, and limited objects of a tax sale certificate holder's duty to give notice are clearly delineated. Those entitled to redeem are informed of their rights and actions necessary to accomplish redemption. The certainty in the issuance of redemption certificates and tax deeds as well as the consequent stability of land titles have also been noted as important purposes served by section 447.9. *Adams v. Thorp Credit Inc.,* 452 N.W.2d 435, 437 (Iowa 1990). The statutory right of redemption is liberally construed in favor of the tax payer. *Id.* (citing *Fidelity Inv. Co. v. White,* 208 Iowa 519, 522, 223 N.W. 884, 886 (1929); *Wakefield v. Rotherham,* 67 Iowa 444, 448, 25 N.W. 697, 698–99 (1885)).

Post 654, as the person in whose name the disputed property was taxed, was eligible to redeem its property from tax sale. We believe our conclusion is consistent with our obligation to liberally construe Post 654's right to redeem its property from tax sale. We also believe the result Kilts advocates is inconsistent with the express purpose of Iowa Code section 447.9 and would add an undesirable dimension of instability to land titles affected by the redemption process.

The judgment of the district court is affirmed.

**AFFIRMED.**

SACKETT, J., takes no part.