Don SCHWENKER, Appellee,

v.

Fay SAGERS and Zelma Sagers, Appellants.

No. 2–56227.

Supreme Court of Iowa.

June 25, 1975.

J. E. Heiserman, of Remley, Heiserman & Story, Anamosa, for appellants.

Kenneth E. Wright, of Goodenow & Wright, Maquoketa, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON, and HARRIS, JJ.

HARRIS, Justice.

This dispute concerns the extent of defendants' right to use a 30 foot wide strip of farmland. The trial court held defendants' rights were limited to ingress and egress to their adjoining land. The trial court issued a writ of injunction restraining defendants from, among other things, using the strip for keeping, feeding and watering livestock. We reverse and remand.

In 1943 defendants purchased a 50 acre tract in Jackson County, Iowa adjacent to land they already owned. To previous owners the 50 acre tract had been "landlocked"; that is, it did not abut a public roadway. Access to the 50 acre tract had been established over the 30 foot strip in question to an east-west public road to the south.

Plaintiff owned the tract from which the 30 foot strip was taken. The strip, which is also used for access purposes by persons other than the parties, amounts to a dirt farm lane. It is enclosed by fences with a gate at the point where it joins the public road. A short distance from the south boundary of defendants' 50 acre tract the strip is crossed by a stream. The stream does not otherwise touch defendants' property. Accordingly through long usage defendants and their predecessors in title utilized the strip for the purpose of watering livestock at the stream.

Although plaintiff disputes it, we believe defendants clearly established their claim they used the entire strip to water and pasture their livestock from the time they acquired the tract in 1943.

The actual use was a considerable enlargement of defendants' recorded rights to the strip, which they originally acquired by quit claim deed. Their immediate grantor acquired the strip by a deed which described an "easement to the use of the · * * * [strip] as a roadway jointly with the grantor * * *."

The right of plaintiff, defendants, and others to use the strip as a roadway is not disputed. At issue is defendants' expanded use of the strip for purpose of pasturing

and watering livestock. Defendants claim their expanded right by way of prescription.

Until 1964 the question was not of great moment to the parties. In 1964 plaintiff acquired another tract to the north of defendants'. Use of the strip for ingress and egress had been reserved to the owner of that tract and was conveyed to plaintiff. Also in 1964 defendants rented their farm. Plaintiff claims the tenants keep more cattle than defendants did. It is apparent the trend to ever larger farm machinery has aggravated the problems incident to the shared use of the strip.

I. There are three generally recognized methods of creating an easement: (1) express written grant, (2) prescription and (3) implication. Loughman v. Couchman, 242 Iowa 885, 888, 47 N.W.2d 152, 153–154, opinion on new trial, 243 Iowa 718, 53 N.W.2d 286. It is not controlling here that there was a more limited written grant as to the same strip in this case. The terms of the written grant are not denied by plaintiff. And defendants do not suggest that the written grant was sufficiently broad to authorize the use to which they were enjoined by the trial court. This is not a claim of easement by implication. Defendants' sole claim of easement in the strip for livestock use was by way of prescription.

■ "An easement by prescription is created 'by adverse possession, under claim of right or color of title, openly notoriously, continuously, and hostilely asserted against defendants for ten years or more.' (Authorities). * * *." Simonsen v. Todd, 261 Iowa 485, 489, 154 N.W.2d 730, 732. Under § 564.1, The Code, use of property does not establish adverse possession. One claiming an easement by prescription must prove by evidence, independent of his use, that an easement was claimed as a matter of right and that the title holder had express notice thereof. Roberts v. Walker, 238 Iowa 1330, 1336, 30 N.W.2d 314, 317.

■ An easement established for a limited use may be expanded by prescription.

25 Am.Jur.2d, Easements and Licenses, § 55, pages 463–464; 28 C.J.S. Easements § 10, page 646; Annot., 110 A.L.R. 915.

Two principles are argued which should be laid aside, not as invalid, but because they are inapplicable. These will be discussed in the following divisions.

II. One principle limits the extent to which a shared easement may generally be used. It is a practical rule, necessary to accommodate the needs of others who share the easement, including the owner of the servient estate.

"The principles governing easement rights are simple and well established. [The easement holder] has the right to use the * * * strip in the manner and for the purposes it was intended to serve. He cannot use it in a way which imposes additional burdens on the owner of the land through which it runs. [The easement holder's] rights are not exclusive, and [servient owners] may use the easement strip for any purpose not inconsistent with [the] easement. (Authorities).

"Neither * * * may use the [strip] in violation of the rights of the other. * *." Schwartz v. Grossman, 173 N.W.2d 57, 59–60 (Iowa 1969).

■ The foregoing principle might have aided plaintiff if the recorded easement had not been enlarged by prescription. It does not operate to reduce easement rights but only to define and regulate them. In short, the rule set out in *Schwartz* could have been utilized to prevent defendants from acquiring expanded uses. But it is not appropriate to erase or erode rights to such uses after they have been established by prescription.

■ III. Another principle governs situations where the use is merely permissive at its inception. Where the use is undertaken by permission of the servient estate owner it is not adverse or under claim of right. Continued use does not, by mere lapse of time, become hostile or adverse. Simonsen

v. Todd, supra, 261 Iowa at 496, 154 N.W.2d at 736. This principle does not prevent prescription from ever running in all cases where the original use was merely permissive. But it is necessary for the user to show the use has become adverse and ceased to be merely permissive. We have held one manner in which a permissive use becomes adverse is by transfer of the servient property. Loughman v. Couchman, supra.

The trial court noted the servient property in the instant case had been transferred to plaintiff within ten years prior to suit. On this basis it was held defendant had not shown adverse or hostile use for sufficient time to establish a prescriptive right. This was error. The fact less than ten years had run from transfer of the servient estate does not bar establishment of the prescriptive easement for two reasons. Neither the recorded easement nor the expanded easement were permissive in origin. In any event the expanded easement was clearly shown to be hostile and adverse to plaintiff's predecessors in title for a period far in excess of ten years.

IV. Enlargement by prescription of a limited easement is rare. We note and adopt the following:

"The comparatively few cases which a comprehensive search has revealed as involving the point clearly indicate that *where an easement is granted for use in a specified manner or for a specified purpose, an open and continuous use thereof, under a claim of right, for the prescriptive period for purposes or in a manner beyond the scope of the grant, will create an easement of the larger scope by prescription,* although in the majority of such cases the enlarged easement was held in fact not to arise because of a lack of the elements necessary to create it." 110 A.L.R. 916. (Emphasis added).

In the instant case defendants clearly establish their hostile, adverse claim of right to pasture and water livestock. The record shows defendants treated the strip as if they had bought it together with the 50 acre tract in 1943. There was a road gate at the end of the strip. The strip was thereby fenced together with a pasture on the 50 acre tract. Pasture and strip became one common ground where defendants thereafter regularly pastured and watered their cattle.

Defendants were able to show they had received, some 20 years prior to trial, a letter from Hillis Lee, a Maquoketa attorney. Mr. Lee then represented I. M. Bowley, a predecessor owner of the servient estate. Mr. Bowley threatened to put a gate across the strip so as to block access to the stream. At the time Mr. Bowley threatened to do so in order to impel defendants to participate in the upkeep of the north end of the strip. Defendants advised Mr. Lee they had a right to the use of the strip, specifically to the water, and refused to cooperate. The record shows that on the basis of their insistence Mr. Bowley's demands were dropped. They continued to use the strip during approximately 20 years that followed.

The trial court erred in ordering an injunction restraining defendants from using the strip for keeping, feeding and watering livestock.

Judgment of the trial court is reversed and the case is remanded for entry of a judgment in conformity herewith.