John E. MENSCH, Appellant,

v.

John NETTY, Appellee.

No. 86–548.

Supreme Court of Iowa.

June 17, 1987.

Sydney A. Thomas of Mosier, Thomas, Beatty, Dutton, Braun and Staack, Waterloo, for appellant.

J. Douglas Oberman of Swisher and Cohrt, Waterloo, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

In this appeal we learned that the size of a modern truck and semitrailer may create problems involving the use of a long held private access easement. The owner of an easement for driveway purposes commenced this action seeking to expand the width of the easement from 8.8 feet to 12.8 feet in order to allow trucks that are 9.6 feet in width access to his loading dock. Following trial, the district court dismissed plaintiff's action seeking title to the enlarged easement and injunction against the owner of the property. We affirm.

The facts concerning the location and ownership of the involved real estate are undisputed. The dispute centers around the use of an easement located in a square block in the business district of Waterloo. We include a sketch showing the pertinent portion of the block bounded by West Fifth Street and Jefferson Street. While the sketch is not drawn to scale, it indicates the approximate location of the easement, the building owned by the plaintiff, John E. Mensch, and the building and parking area owned by the defendant, John Netty. As the sketch shows, the street and block lines were not platted parallel or vertical to the north compass point; however, for the purpose of simplifying our discussion in this appeal we shall assume that the top of the illustrated block is vertical to compass point north and that Jefferson Street extends in a true east-west direction.

Plaintiff acquired title to the land under the Mensch Building and to the north four feet of the easement in 1968. Defendant Netty acquired title to the real estate containing his building and parking lot and the south 4.8 feet of the easement in 1978. Although each party owns his respective share of the real estate where the easement is shown, each has received title to this property subject to the easement of the other for driveway purposes. The easement was originally executed by the parties' predecessors in title in 1910 and

1911. Plaintiff's building houses a commercial venture operated by his tenant. The loading dock for this business is located at the east end of the easement right of way. The defendant operates a retail business in his building that faces Jefferson Street and leases out part of his building. The defendant also leases out parking space and parks his own vehicle in the vacant lot that lies immediately south of the easement.

It was defendant's use of the parking lot that precipitated this action. The cars

parked in the defendant's parking lot generally do not protrude into the 8.8 foot easement. When defendant parks his own vehicle in the parking lot, however, it protrudes farther, coming closer to the easement boundary, and there is not enough room for trucks to back to the dock because the trucks are 9.6 feet wide and need a width of approximately eleven or twelve feet to safely back up to the dock. During the parties' ownership of the buildings, plaintiff or his tenant have had trucks back up from Fifth Street to the loading dock at a frequency of one to four times per month. After an incident in which a truck damaged defendant's building, defendant has refused to move his car and give the truck drivers permission to use the parking lot to access the loading dock. This necessitates transference of the freight from the end of the alley to the loading dock. Plaintiff's tenant also receives freight delivered by other vehicles, including pickup trucks, which can back up to the loading dock without leaving the easement area and encroaching on any part of defendant's parking lot.

Plaintiff brought this action in equity requesting that title to the easement for delivery purposes be expanded an additional four feet south of the legally described easement of 8.8 feet, and that title to the easement be quieted in the plaintiff. Plaintiff further sought injunctive relief from defendant's interfering with or obstructing the delivery of goods to plaintiff's premises. The trial court found that, although there was no clearly marked boundary on the south side of the easement, both parties knew where the boundary line was located and knew the extent of the easement. The court further found that defendant and his predecessor in interest had allowed permissive use of the property in excess of the 8.8 foot easement, but that this use did not rise to such a level as to establish an expanded easement over the defendant's property. The court held plaintiff had failed in his proof to establish a boundary by mutual acquiescence or an increase of his present easement by prescription. On appeal plaintiff challenges both of these rulings.

**■ I. *Nature of the action.*** We first address defendant's contentions relative to the nature of the proceeding. Defendant urges that, although plaintiff styled his petition in equity, the case was tried under Iowa Code chapter 650 (1985) as an attempt to establish an easement boundary by acquiescence. Defendant points out such an action is triable at law and reviewable on assigned errors. We conclude that the matter is in equity, however.

An action under chapter 650 is designated by section 650.4 as a special proceeding and is reviewed by us on assigned errors as in a law action. *Dart v. Thompson,* 261 Iowa 237, 240, 154 N.W.2d 82, 84 (1967). We have in the past considered a boundary line dispute as an equitable matter when the suit was commenced in equity and not under chapter 650. *O'Dell v. Hanson,* 241 Iowa 657, 661, 42 N.W.2d 86, 88 (1950). In this case plaintiff brought the action in equity and asked for equitable relief. Defendant made no motion to transfer the action to law. If an action is improperly brought in equity, defendant's remedy is to request a transfer. *Fallers v. Hummel,* 169 Iowa 745, 750–51, 151 N.W. 1081, 1083 (1915). Once a court sitting in equity has taken jurisdiction of a case, it will retain jurisdiction for all purposes necessary to dispose of all issues involved. *Rehder v. Rankin,* 249 Iowa 1201, 1206, 91 N.W.2d 399, 403 (1958). Defendant cannot change the nature of the proceeding on appeal. *Todd v. State Bank,* 182 Iowa 276, 294, 165 N.W. 593, 599 (1917). We thus consider anew both legal and equitable issues.

**■ II. *Expanded easement by acquiescence.*** We now turn to plaintiff's contention that he is entitled to a determination that the easement over the 8.8 foot strip of land owned by the parties has been expanded to a width of 12.8 feet, which is sufficient to accomodate semitrailer trucks making deliveries. Plaintiff points to Iowa Code section 650.14, urging that if boundaries have been recognized and acquiesced in for ten years, such recognized boundaries shall be permanently established. This contention is grounded on a statutory right that is based on a legal rather than

an equitable principle. However, courts of equity are bound by statutes and follow the law in absence of fraud or mistake. *See Madrid Lumber Co. v. Boone County,* 255 Iowa 380, 387, 121 N.W.2d 523, 527 (1963); *Miller Oil Co. v. Abramson,* 252 Iowa 1058, 1063, 109 N.W.2d 610, 613 (1961). Accordingly, we examine this contention.

■ It is true that a boundary by acquiescence may be established where the two adjoining owners have mutually acquiesced in a line definitely marked by a fence or in some other manner as a true boundary, although a survey may show otherwise. *Davis v. Hansen,* 224 N.W.2d 4, 6 (Iowa 1974); *Dart,* 261 Iowa at 240, 154 N.W.2d at 84; *Lannigan v. Andre,* 241 Iowa 1027, 1029–30, 44 N.W.2d 354, 355 (1950). The line acquiesced in must be known, definite and certain.

We have extended the doctrine of acquiescence to establish the boundaries of a driveway easement. *Thompson v. Schappert,* 229 Iowa 360, 363, 294 N.W. 580, 582 (1940). The driveway in *Thompson* was established by the parties' common predecessor in title and overlapped the boundaries of both lots. The requirement of a known, definite, and certain boundary line was met by a showing that the driveway was discernible because it lay at a lower elevation than the adjoining lots, commenced at a jointly maintained culvert and had a roadbed of cinders provided by both parties. *Id.* at 361, 294 N.W. at 581.

■ In this case plaintiff fell short of proving that there was a boundary line, marked in any manner, showing the south boundary of the easement. While both parties were aware of the extent of the unmarked 8.8 foot driveway, the area south of the Netty building containing the conveyed easement and the parking is level and graveled, and yields no physical evidence of a recognized boundary defining either the conveyed easement or the requested expanded easement.

Plaintiff then urges that in this case the tire marks of the semitrailer trucks using the alleyway would serve to fix, in a general way, the location of the south boundary of the easement. The photographic evidence admitted at trial indicates that there are no clearly defined tire marks that have served as a basis for a boundary line for the past ten years. Plaintiff's contention fails, as it is obvious that there is no line that is plainly discernible upon which the parties mutually relied as the south boundary of the easement. *See Concannon v. Blackman,* 232 Iowa 722, 724, 6 N.W.2d 116, 117 (1942). We may not resort to conjecture and speculation in locating the boundary lines. *See Johnston v. McFerren,* 232 Iowa 305, 309, 3 N.W.2d 136, 138 (1942). Plaintiff's claim to an additional four feet of property due to acquiescence must fail for lack of proof.

■ Plaintiff also claims that he is entitled to have his easement changed because there is a protruding "I" beam at the west corner of defendant's building and also some pipes and vents on the south side of the building extend into the easement area owned by the plaintiff. The extent of such partial obstruction would be approximately twelve inches. Plaintiff urges that the parties may change the location of the right of way by mutual consent, which may be implied from obstruction acquiescence. Without deciding the validity of plaintiff's claim, we must point out that plaintiff did not request the trial court to relocate the 8.8 foot easement by moving it one foot south of its described location. His petition requested an enlargement of the easement by four feet. Although his brief mentioned the obstruction, this assertion was made in connection with his claim for relief by expanding the easement four feet. An equity case is tried de novo on appeal; however, the appellant cannot try the case here on a new theory that was not advanced in the trial court. *Stolar v. Turner,* 237 Iowa 593, 606, 21 N.W.2d 544, 550 (1946). We therefore do not consider the request that we move the easement one foot south.

■ Additionally, the obstructions do not aid the plaintiff in his request for an additional four feet of easement to be awarded to him on equitable grounds. Some authorities recognize equitable intervention in boundary line disputes on grounds of mutu-

al mistake of the parties, fraud, and misconduct or unfairness on the part of the defendant. 12 Am.Jur.2d *Boundaries* § 92, at 628 (1964). There is no evidence of mistake or fraud. Any misconduct or unfairness caused by defendant or his predecessors in title in this regard only affects one foot of right of way. To use these encroachments to expand the easement four feet in favor of the plaintiff without payment or other consideration would be excessive relief and would be inequitable to the defendant. It would deprive defendant of the full use of at least three feet of urban land without compensation. Plaintiff's problem is primarily caused by the increase in the size of trucks since the easement was negotiated rather than by the slight encroachments shown here. Small trucks do not have a problem negotiating the present easement. Semitrailer trucks require more than the 8.8 foot easement that presently exists. We conclude that plaintiff has failed to establish equitable grounds for the relief he requests.

*II. Easement by prescription.* Plaintiff also seeks an expanded easement by prescription. While there is some question whether this was raised in plaintiff's petition, the trial court considered the issue and held that plaintiff is not entitled to an increase in the present easement by prescription. We also address the issue.

 One of the ways to establish an easement in Iowa is by prescription. *Schwenker v. Sagers*, 230 N.W.2d 525, 527 (Iowa 1975). A prescriptive easement may be created by adverse possession under claim of right or color of title, openly, notoriously, continuously and hostilely asserted for ten years or more. *Anderson v. Yearous*, 249 N.W.2d 855, 861 (Iowa 1977); *Schwenker*, 230 N.W.2d at 527. "Enlargement by prescription of a limited easement is rare." *Schwenker*, 230 N.W.2d at 528. Permissive use is not adverse or under a claim of right. *Id.* at 527. Continued use does not, by mere lapse of time, become hostile or adverse. *Id.* A party claiming an easement by prescription must prove, independent of use, that an easement was claimed as a matter of right, and that the other party had express notice thereof. *Anderson*, 249 N.W.2d at 861; *Schwenker*, 230 N.W.2d at 527.

When we apply these principles to the facts as shown by the record, plaintiff falls far short on his proof. There is no showing that plaintiff claimed the right to use these additional four feet as a matter of right or under any color of title. The fact that truck drivers had used the additional space to enter the alley at most shows permissive use. Plaintiff has failed to establish an easement by prescription.

In summary, we hold that the trial court was correct in holding that plaintiff had failed to establish an expanded easement of four feet, either on grounds of acquiescence in a boundary line or easement by prescription. We have also considered other arguments that plaintiff has made on this appeal and find no merit in them.

AFFIRMED.