Thomas MURRANE, Plaintiff–Appellant,

v.

CLARKE COUNTY, the Clarke County Board of Supervisors and its individual members Leonard Siefkas, Floyd Mason and Terry Robins; and Russell Iwed and Mildred Iwed, Defendants–Appellees.

No. 87–1415.

Court of Appeals of Iowa.

March 16, 1989.

Robert W. Goodwin, Ames, for plaintiff-appellant.

Gary G. Kimes, Osceola, Arnold O. Kenyon II, Creston, for defendants-appellees.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Plaintiff appeals from a district court judgment rejecting his request for injunctive relief to move the location of a road to its correct location and rejecting plaintiff's alternative request to require the county to condemn the land taken from him. We affirm.

In 1971, Thomas Murrane purchased the real estate lying east and north of the disputed county road. Two of the defendants, Russell and Mildred Iwed, purchased the land south and west of the road in 1970.

Throughout the 1970's the road has been improved. In 1985, Clarke County filed a condemnation against the plaintiff to acquire a portion of plaintiff's land to widen the road and upgrade a bridge.

At this point, Murrane discovered the current location of the road is not as was authorized or dedicated when the road was approved in 1884. The change in the location has resulted in a loss of nearly four and one-half acres from Murrane's land. Murrane instituted this action to establish the proper location of the road based on the dedication of the land in 1884, and to require the county to either move the road or compensate him for the taking of his land.

The district court adopted Murrane's survey as to where the road should have been constructed. However, the court determined the current location of the road has been established by prescription and refused to grant Murrane's request for relief.

The district court assessed all court costs to Murrane.

## I.

Murrane contends the location of a road established by dedication cannot be altered by a prescription when the road was improperly located by mistake. Since Murrane prevailed as to the proper location of the road as described in 1884, the court costs should at least be apportioned between the parties in this action.

The district court heard this action in equity, therefore our review is de novo. Iowa R.App.P. 4.

Both parties rely predominantly on cases decided by our supreme court in the late 1880's and early 1900's. These cases clearly establish roads and highways may come into existence by statute, dedication, and by prescription. *See Dugan v. Zurmuehlen,* 203 Iowa 1114, 211 N.W. 986 (1927). American Jurisprudence articulates the general rule in these cases:

> If a political subdivision takes possession of land as a highway or if it regulates the use of a bridge, and expends labor on it, improves it, and holds it out to the world as a public highway or bridge, it is estopped to deny responsibility for its maintenance....
>
> Private individuals and corporations may also be estopped, by their acts or conduct to deny the establishment of a highway. If a grantor in conveying land bounds it on a highway or street, he and his heirs are estopped to deny that there is such a way or street, since such description was an implied covenant on the part of the grantor of the existence of such way or street and of the right of the grantee to use it.

39 Am.Jur.2d *Highways, Streets and Bridges* § 23.

■ The trial court determined the road in question had established its location by prescription regardless of evidence showing it was not located on the spot on which it was dedicated. Easement by prescription is created by "adverse possession, under claim of right or color of title, openly, notoriously, continuously, and hostilely asserted against defendants for ten years or more." *Simonsen v. Todd,* 261 Iowa 485, 489, 154 N.W.2d 730, 732 (1967) (quoting *Webb v. Arterburn,* 246 Iowa 363, 67 N.W.2d 504, 513 (1954); *see also* Iowa Code § 564.1 (1987). For the most part, before prescription will be found, the court must find these elements have been strictly adhered to. *Id* at 495, 154 N.W.2d at 736. However, an easement by prescription may be established "where original entry upon lands of another is under oral agreement or express consent of servient owner and party claiming easement expends substantial money or labor to promote the claimed use in reliance upon consent or as a consideration for the agreement." *Id.*

■ It is clear in this case express consent was given by the servient owner in 1884 when the land was dedicated for a road. For most of these 100 years, the county provided limited maintenance with the road remaining dirt until the mid to late 1970's when the county graveled the north-south portion to accommodate the adjoining landowners. As the trial court noted, this work was instigated at Murrane's request. The diagonal portion of the road is still a dirt road. In addition, to resolve a flooding problem, the county constructed a new bridge and a channel-straightening project at a cost in excess of $40,000 in 1984, which has caused the present action by the plaintiff.

Evidence indicates the road is located in a remote area through land where the terrain is rough and predominantly used for pasture. The record is not conclusive as to why the road was not constructed as petitioned in 1884. Because of the clear agreement between the servient property owner and the county, as well as the substantial sums of money spent maintaining and upgrading the road throughout the 100 years it has been in existence, we determine the evidence is clear this road has been established by prescription under the rules set out above.

## II.

Our courts have held trial courts have great discretion in the matter of taxing

costs and, absent an abuse of discretion, we will not interfere with the trial court's decision. *Wymer v. Dagnillo,* 162 N.W.2d 514 (Iowa 1968).

■ Murrane claims here, because the trial court determined the correct location of the section line in question as being where his expert witness testified it was, he should not have been assessed all costs of the action. We determine, however, this contention alone is not enough to show the trial court abused its discretion in assessing all costs to the plaintiff. We therefore affirm the trial court on this issue.

AFFIRMED.