Allen HEALD and Dorothy Heald, Appellants,

v.

Leo GLENTZER and Doris Glentzer, Appellees.

No. 91–1630.

Court of Appeals of Iowa.

Aug. 27, 1992.

David D. Dixon of Heslinga, Heslinga, Dixon & Grotewold, Oskaloosa, for appellants.

Dennis W. Emanuel of Webber, Gaumer, Emanuel & Daily, P.C., Ottumwa, for appellees.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Healds own approximately 390 acres of farmland in Wapello County. They acquired the land in 1945. The southern boundary of Healds' land is marked by a large creek. However, approximately forty acres of Healds' land is on the southern side of the creek and abuts the northern boundary of Glentzers' property. This severed portion is divided into tracts of approximately twenty-eight and fourteen acres. Glentzers own the farmland immediately south of Healds. Glentzers acquired their land in 1961.

Since the 1940s, access to the severed portion of Healds' land was gained by two private roads on Glentzers' land. Healds' land was farmed by George Jones as a tenant. Jones crossed Glentzers' property each year pursuant to an oral agreement with Glentzers and their predecessor to plant, care for, and harvest his crops, and to make improvements on the two tracts. Jones retired in 1987, and Dan Daugherty began farming Healds' property as the farm tenant. Daugherty continued to use Glentzers' land to reach the severed portion of land in order to plant, harvest, and make improvements to the tiling and fencing on the severed portion.

In the spring of 1990 Daugherty began to sell the timber on the severed portion of land to a logging company. Daugherty had not sought Glentzers' permission for the logging company to use the roadways. The removal of timber allegedly caused damage to Glentzers' property. On May 22, 1990, Glentzers notified Healds and Daugherty their permission to cross their land permanently expired December 31, 1990. Glentzers filed a notice to prevent acquisition pursuant to chapter 564 of the Iowa Code. The notice was recorded in the district court for Linn County on December 3, 1990.

At trial Jones, Healds, and Glentzers all testified the roadways were used with the permission of Glentzers. On September 30, 1991, the district court filed a ruling finding Healds had failed to prove they acquired an easement by prescription across Glentzers' land. The district court found

Healds failed to prove open, notorious, or hostile possession, which are essential elements of a prescriptive easement. Although Healds failed to plead easement by necessity, the district court considered this claim and rejected it. The district court found there was no practicable means of access to the severed portion. However, Healds failed to prove a prior common ownership of the lands. Based on these findings, the district court held Healds were not entitled to an easement upon Glentzers' property.

Healds filed this appeal. They contend the district court erred in failing to determine the existence of a prescriptive easement.

The present case was tried before the district court in equity, therefore our scope of review is de novo. Iowa R.App.P. 4. In equity cases, especially when considering the credibility of witnesses, we give weight to the fact findings of the district court, but we are not bound by them. Iowa R.App.P. 14(f)(7). An easement in real estate may be established in four different ways: (1) by written agreement, (2) by prescription, (3) by necessity, or (4) by implication. *Webb v. Arterburn*, 246 Iowa 363, 378, 67 N.W.2d 504, 513 (Iowa 1954) (citing *McKeon v. Brammer*, 238 Iowa 1113, 1119–21, 29 N.W.2d 518, 523 (1947)). Appellants admit an easement by written agreement, necessity, or implication does not apply to the facts of this case. Appellants base their claim on an easement by prescription. A prescriptive easement may be formed in two different ways.

One way a prescriptive easement may be created is " 'by adverse possession, under claim of right or color of title, openly, notoriously, continuously, and hostilely asserted against defendants for ten years or more.' " *Simonsen v. Todd*, 261 Iowa 485, 489, 154 N.W.2d 730, 732 (1967) (quoting *Webb v. Arterburn*, 246 Iowa 363, 379, 67 N.W.2d 504, 513 (1954)); *see also* Iowa Code § 564.1 (1991). Permissive use is not adverse or under a claim of right. *Schwenker v. Sagers*, 230 N.W.2d 525, 527 (Iowa 1975). The appellants failed to show the use had become adverse and ceased to

be merely permissive. The appellant must prove, independent of the use, that an easement was claimed as a matter of right, and the appellee had express notice of the claim of right on the part of the appellants. *Mensch v. Netty*, 408 N.W.2d 383, 387 (Iowa 1987) (citing *Anderson v. Yearous*, 249 N.W.2d 855, 861 (Iowa 1977); *Schwenker*, 230 N.W.2d at 527). As stated in *Young v. Ducil:*

> Mere proof of use ... is not sufficient. The use may be permissive only. To invest the plaintiff [appellant] with a right to a continued use, he must show something more than use for the statutory period, and two things more are essential: (1) That he claimed an easement as his right, and this must be established by evidence distinct from and independent of its use; and (2) that the party against whom the claim is made had express notice thereof—*that is, not of the use, but of the claim of right to use against* the objections or protest of the owner.

*Young v. Ducil,* 188 Iowa 410, 416, 176 N.W. 272, 274 (1920) (emphasis added). When we apply these principles to the facts as shown by the record, appellants fail to meet their proof. There is no evidence the appellants claimed the right to use the roadways across the appellees' land as a matter of right or under any color of title. Evidence shows the use by appellants has been permissive only and revocable at all times. The mere permissive use of an easement, without claim of right to such use, no matter how long continued, can never ripen into a permanent easement so as to run with the land. *Webb*, 246 Iowa at 382, 67 N.W.2d at 515. We hold the appellants failed to establish a prescriptive easement by adverse possession or user as a matter of right.

This court has also held a prescriptive easement may be created when "original entry upon lands of another is under oral agreement or express consent of servient owner and the party claiming the easement expends substantial money or labor to promote the claimed use in reliance upon consent or as a consideration for the agreement." *Murrane v. Clarke County,*

440 N.W.2d 613, 615 (Iowa App.1989) (quoting *Simonsen,* 261 Iowa at 495, 154 N.W.2d at 736); *see also Loughman v. Couchman,* 242 Iowa 885, 889, 47 N.W.2d 152, 154 (1951). The issue on appeal is whether the appellants spent a substantial amount of money or labor for improvements in reliance upon the consent of the Glentzers so that a prescriptive easement arose. In *Simonsen v. Todd* we held no prescriptive easement existed because the party seeking the easement admitted he spent no money or labor in making or improving the roadway across the servient owner's property. *Simonsen,* 261 Iowa at 495, 154 N.W.2d at 736. The testimony of all parties, which is undisputed, discloses the appellants spent no money or labor in making or improving the roadways on Glentzers' property. We find the appellants also failed to establish a prescriptive easement based on improvements. We affirm the district court.

The costs of appeal are taxed to Healds.

AFFIRMED.