Robert A. BREDE and Linda
L. Brede, Appellants,

v.

Gary G. KOOP and Annabelle
J. Koop, Appellees.

No. 04–0740.

Supreme Court of Iowa.

Dec. 16, 2005.

Dale E. Goeke of Hagemann & Goeke, Waverly, for appellants.

Christopher C. Foy of Leslie, Collins & Foy, Waverly, for appellees.

TERNUS, Justice.

The appellants, Linda and Robert Brede, filed this action for trespass, injunctive relief, and a declaratory judgment against their neighbors, appellees Gary and Annabelle Koop. The Bredes claimed the Koops had no right to use a gravel driveway crossing the Bredes' property and leading to the Koops' residence. The Koops filed a counterclaim seeking a declaratory judgment that they had a prescriptive easement in the road. After a bench trial, the district court ruled the facts supported the establishment of a prescriptive easement and an easement by implication. Based on this conclusion, the court dismissed the Bredes' claims.

The Bredes' appeal was transferred to the court of appeals. That court reversed the district court's decision that the Koops had a prescriptive easement and an easement by implication. The court of appeals also concluded the Koops were not entitled to use the gravel driveway under general equitable considerations. Finally, the court affirmed the trial court's dismissal of the Bredes' trespass action.

We granted further review. Upon our consideration of the issues, we vacate the decision of the court of appeals, reverse the decision of the district court, and remand this case for further proceedings consistent with this opinion.

## II. Scope of Review.

■■■■ This case was tried in equity. Therefore, our review is de novo. *See Johnson v. Kaster*, 637 N.W.2d 174, 177 (Iowa 2001). In a de novo review, the appellate court examines the facts as well as the law and decides the issues anew.

*Id.* The district court's factual findings are accorded weight, but are not binding. *Id.* at 177–78.

## III. *Facts and Prior Proceedings.*

The Bredes and Koops are neighbors. The Koops' property is directly south of the Bredes' land. Both parcels, as well as adjoining land, were originally owed by one Charles Osweiler. In 1971, Osweiler divided his property into lots. Access to the interior lots, which included the property at issue here, was provided by a perpetual easement over a thirty-three foot wide strip of land known as lot 9 or the subdivision road.

Osweiler sold two of the interior lots to his son-in-law John Fink in 1971, retaining lot 7 directly to the south of the property sold to Fink. The subdivision road abutted the east property line of Fink's land and ended at the northeastern corner of lot 7. Osweiler intended to build a home on lot 7 and, in fact, put in a foundation for that purpose. Around the same time, Osweiler, with his son-in-law's assistance, made substantial improvements to an old dirt path that started where the subdivision road ended at the northeast corner of lot 7, angled across lot 7, and terminated at the house site. Osweiler raised the level of the dirt path to provide for drainage and covered it with gravel to create a usable driveway.

Lot 7 and the subdivision road were eventually sold to a couple who erected a house on the foundation previously built by Osweiler. This property, including the subdivision road, was subsequently purchased by Danny and Brenda Christie in 1977. In 1979, Fink purchased the northeastern section of lot 7 from the Christies in order to make his property square and

large enough for a house. This sale cut off the Christies' access to the subdivision road. So, in the deed to Fink, the Christies retained a thirty-three foot easement along the eastern edge of the conveyed land for access purposes. This easement linked the Christies' property to the subdivision road, but was generally in a different location than the driveway that angled across the property sold to Fink.

Notwithstanding the express easement reserved in Fink's deed, the Christies and their successors in interest continued to use the gravel driveway as the primary means of access to the house on lot 7. Fink knew part of the driveway was outside the express easement, but since he had not yet built a home on his property, he was not concerned that others used the driveway across his land.

In 1991 the Koops bought the property owned by the Christies, and in 1994 Fink sold his land to the Bredes. The Bredes assumed the gravel driveway across the corner of their property was an extension of the subdivision road. They had observed Mr. Koop drive heavy equipment that was too wide for the driveway along the eastern edge of the Bredes' land, but the Bredes were unaware of the Koops' thirty-three foot easement. The Bredes first learned of the express easement in 1998 when Mr. Koop stopped them from planting a tree in that area, informing them they would be obstructing the Koops' easement. Eventually, the Bredes confirmed the existence of the thirty-three foot easement, and in August 2001, wrote to the Koops demanding that the Koops cease their use of the gravel driveway and instead use the express easement. The Koops responded that they had a prescriptive easement over the driveway.

After a period of unsuccessful negotiations, the Bredes filed this lawsuit in May 2003. They sought damages for trespass and an injunction prohibiting the Koops' use of the gravel driveway. The Bredes subsequently added a claim for a declaratory judgment that would limit the Koops' interest in the Bredes' property to the thirty-three foot express easement. The Koops counterclaimed, seeking a declaratory judgment confirming the validity of a permanent easement along and over the driveway. The parties agreed that the claims for declaratory relief would be tried first to the court, and the trespass claim would be submitted to a jury later, if it remained viable.

As indicated earlier, the trial court ruled the Koops established a prescriptive easement as well as an easement by implication in the gravel driveway. Accordingly, the court entered a declaratory judgment that the Koops had a permanent perpetual easement in the driveway running across the southeastern corner of the Bredes' property. The court denied the Bredes' request for declaratory relief, and dismissed their petition.

On appeal, the court of appeals concluded the Koops had not shown a claim of right to the property so as to prove a prescriptive easement. In addition, the court concluded the evidence was insufficient to establish an easement by implication because the Koops' use of the gravel road was merely convenient, and not essential, in view of the express easement that allowed them access to their land. The court of appeals also discussed the equitable interests of the parties and decided the most equitable result was for the Koops to have one easement in the location of the thirty-three foot express easement. Finally, without discussion, the court stated that the Bredes' trespass action should not be reinstated.

This court granted further review. We will discuss the Koops' claims of prescriptive easement and easement by implica-

tion. We do not consider the general equities of the situation as an independent basis to grant relief. *See Simonsen v. Todd,* 261 Iowa 485, 495, 154 N.W.2d 730, 736 (1967) (" 'There are usually no equities in favor of one who claims property of another by adverse possession and his acts are to be strictly construed.' " (Citation omitted.)).

### IV. *Prescriptive Easement.*

A. *General principles of law.* An easement by prescription "is similar to the concept of adverse possession." *Johnson,* 637 N.W.2d at 178; *accord Simonsen,* 261 Iowa at 495, 154 N.W.2d at 736. It "is created when a person uses another's land under a claim of right or color of title, openly, notoriously, continuously, and hostilely for ten years or more." *Johnson,* 637 N.W.2d at 178. The facts relied upon to establish a prescriptive easement "must be strictly proved. They cannot be presumed." *Simonsen,* 261 Iowa at 495, 154 N.W.2d at 736.

The requirements of hostility and claim of right are closely related. Hostility refers to declarations or acts that show the declarant or actor claims a right to use the land. *Johnson,* 637 N.W.2d at 178. "Similarly, a claim of right requires evidence showing an easement is claimed as a right." *Collins Trust v. Allamakee County Bd. of Supervisors,* 599 N.W.2d 460, 464 (Iowa 1999). It must also be established that the servient owner had express notice of the claim of right, not just the use of the land. *Phillips v. Griffin,* 250 Iowa 1350, 1355, 98 N.W.2d 822, 825 (1959). This notice may be actual or established by "known facts of such [a] nature as to impose a duty to make inquiry which would reveal [the] existence of an easement." *Anderson v. Yearous,* 249 N.W.2d 855, 861 (Iowa 1977).

A claim of right must be shown by evidence independent of the use of the easement. *Collins Trust,* 599 N.W.2d at 464; *Simonsen,* 261 Iowa at 496, 154 N.W.2d at 736. That is because permissive use of land is not considered to be hostile or under a claim of right. *See Collins Trust,* 599 N.W.2d at 464 n. 1. Moreover, "[c]ontinued use does not, by mere lapse of time, become hostile or adverse." *Mensch v. Netty,* 408 N.W.2d 383, 387 (Iowa 1987).

This court has relaxed the traditional requirements for a prescriptive easement "in those situations in which the party claiming the easement has expended substantial amounts of labor or money in reliance upon the servient owner's consent or his oral agreement to the use." *Simonsen,* 261 Iowa at 489, 154 N.W.2d at 733. Prescriptive easements based on this relaxed standard "are determined either on the theory of a valid executed oral agreement or on the principle of estoppel." *Id.* Under this exception to the strict rules governing prescriptive easements, an easement by prescription may arise

> in those instances in which the original entry upon the lands of another is under an oral agreement or express consent of the servient owner and the party claiming the easement expends substantial money or labor to promote the claimed use in reliance upon the consent or as consideration for the agreement.

*Id.* at 495, 154 N.W.2d at 736; *accord Collins Trust,* 599 N.W.2d at 464 n. 1; *Mensch,* 408 N.W.2d at 387.

B. *Application of law to this case.* Because we think the proof in this case fails to establish the Koops used the gravel driveway for the requisite period of time under a claim of right of which the servient owners had notice, our discussion is focused primarily on those requirements. The Koops contend they used the driveway

under a claim of right because they believed from the time they purchased the property that the driveway "was theirs and that they had a right to use [it] for access purposes." They also rely on the fact that the Christies used the driveway without ever asking for or receiving permission from Fink to do so. We do not think these facts are sufficient to establish an easement by prescription.

■ Although the Koops assert they always thought they had a *right* to use the driveway, as opposed to mere permission to use it, there is no evidence this claim of right was ever made known to Fink or the Bredes prior to 2001. It is undisputed that neither the Koops nor their predecessors in interest ever spoke with Fink about the gravel driveway. It was not until 2001 that the Koops contacted the Bredes and asserted a right to use the driveway. Although this express notice of the Koops' claim of right was sufficient to start the running of the prescriptive ten-year period, it cannot support a prescriptive easement here because the notice came too late: the present lawsuit was filed in 2003, less than ten years after the Bredes received actual notice of the Koops' claim. Even if we assume the Koops' use and maintenance of the driveway was sufficient to give the Bredes inquiry notice, the Bredes did not purchase this property until 1994. So again, the ten-year requirement was not met before suit was filed in 2003. We turn then to the other evidence upon which the Koops rely to establish their claim of right: their use, maintenance, and improvement of the driveway.

■ The evidence clearly establishes that the Christies' initial use of the driveway after selling a portion of their property to Fink was permissive. As noted earlier, the evidence shows Fink knew the driveway was generally outside the thirty-three foot express easement, but it was fine with him that the Christies and subsequent owners used the driveway. Over the years, there- was no change in the nature of the use of the easement so as to indicate that its use had changed from permissive to adverse. *See Casady v. Casady,* 184 Iowa 1241, 1249, 169 N.W. 683, 686 (1918) ("In the absence of proof to the contrary, the right under which the possession and use were originally taken will be presumed to have continued."). Consequently, we think the facts show the use of the driveway during Fink's ownership of the servient estate was permissive only. The Christies' and Koops' permissive use of the gravel road does not establish a claim of right.

The Koops also rely on their efforts and those of their predecessors to maintain and improve the gravel driveway as evidence of a claim of right. These efforts consisted of adding gravel or road rock to the surface and of grading the surface as necessary. (The labor and expense of the initial construction of the gravel driveway is irrelevant because that occurred when the property was under common ownership.) We do not think these acts are independent of the use of the road by the Koops and their predecessors in interest. The occasional placement of gravel and grading simply ensured that the driveway would be passable and hence, usable. *See Hicks v. Franklin County Auditor,* 514 N.W.2d 431, 441 (Iowa 1994) (concluding claimants' act of filling in a ditch on the disputed land so they could farm it was not independent of their use of the land so as to support a prescriptive easement). Because the Christies' and Koops' maintenance of the driveway was consistent with their permissive use, their acts were not sufficient to put Fink on notice that they claimed an easement in the driveway.

This determination is not inconsistent with our decision in *Collins Trust,* a case

upon which the Koops rely. In *Collins Trust,* a county claimed a prescriptive easement in a road. 599 N.W.2d at 463. The evidence showed the county had "removed downed trees, placed gravel in wet spots, and installed culverts to improve drainage in the area" of the disputed road. *Id.* at 462. We concluded the expenditure of public funds in this manner was "of such a nature to support the public's claim of ownership." *Id.* at 465. This conclusion rested in part on the unique facts of that case, namely, that a public body would not devote public money to a private road. *See id.; accord Barnes v. Robertson,* 156 Iowa 730, 733–34, 137 N.W. 1018, 1019 (1912) (holding county had acquired road by prescription because "in using the way actually traveled, and in working and improving the same, the authorities and the public were undoubtedly acting under a claim of a right to such use"). That distinctive circumstance supported a finding of a claim of right and notice; that circumstance is not present here.

 We also think the facts do not establish an easement by prescription under the relaxed requirements recognized in *Simonsen.* Even if we assume the Koops expended substantial amounts of labor or money to maintain and improve the road, those expenditures were not "in reliance upon the servient owner's consent or his oral agreement to the use."[1] *Simonsen,* 261 Iowa at 489, 154 N.W.2d at 733. That is because there was no proof that the Christies' original entry onto the land in 1979 was "under an oral agreement or express consent of the servient owner"—Fink. *Id.* at 495, 154 N.W.2d at 736. Thus, there was no showing that the Christies' or Koops' maintenance of the

easement was consideration for an oral agreement with Fink or was detrimental conduct in reliance upon Fink's express consent. Consequently, their labor and expenses are not sufficient to create an easement by prescription.

We hold the Koops have failed to establish a prescriptive easement under either the traditional or relaxed requirements recognized in Iowa. We turn, then, to a consideration of the doctrine of easement by implication.

### V. *Easement by Implication.*

 "An easement by implication is one which the law imposes by inferring the parties to a transaction intended that result, although they did not express it." *Schwob v. Green,* 215 N.W.2d 240, 242–43 (Iowa 1974). An easement by implication arises under the following conditions:

(1) a separation of the title; (2) a showing that, before the separation took place, the use giving rise to the easement was so long continued and obvious that it was manifest it was intended to be permanent; and (3) it must appear that the easement is continuous rather than temporary, and (4) that it is essential to the beneficial enjoyment of the land granted or retained.

*Bray v. Hardy,* 248 Iowa 794, 797, 82 N.W.2d 671, 673 (1957). An easement is "essential" when it is reasonably necessary, as distinguished from being merely convenient. *Id.* at 799, 82 N.W.2d at 674. "The intent to grant or reserve an easement by implication must be determined as of the time of the severance of the unity of ownership." *Id.* at 801, 82 N.W.2d at 675.

 The separation of title here occurred in 1979 when Fink purchased a

---

1. There was some suggestion by the parties in this case that the relaxed requirements for a prescriptive easement discussed in *Simonsen* became even more relaxed in *Collins Trust.*

Our decision in *Collins Trust* did not rest, however, on the relaxed requirements, but rather on the traditional elements giving rise to a prescriptive easement.

portion of the property owned by the Christies. The issue, then, is whether the circumstances of the transaction evidence an intent by these parties to reserve an easement in the land the Christies conveyed to Fink. *See id.* at 799, 82 N.W.2d at 674 ("Whether an easement by implied reservation is created is primarily a question of the intent of the parties . . . to be inferred by the circumstances of the transaction."). Considering the circumstances at the time of this conveyance, we cannot infer that the parties to the transaction intended to create an easement in the gravel driveway. The Christies and Fink were aware that the Christies' property would become landlocked upon Fink's purchase of that portion of the Christies' land adjoining the subdivision road. Rather than provide for an easement in the location of the gravel driveway, the parties expressly contracted for a thirty-three foot easement along the eastern edge of the parcel purchased by Fink. *See id.* (stating "the terms of the conveyance" are an important consideration "governing the determination of whether an easement by implied reservation has been created"). Consequently, an easement over the gravel road, while clearly convenient, was not a reasonable necessity. *Cf. id.* at 800, 82 N.W.2d at 675 (finding easement over sidewalk on servient land was reasonably necessary because it was the only way of reaching the plaintiff's front door). Therefore, the Koops have not proven an easement by implied reservation.

VI. *Summary and Disposition.*

The district court erred in concluding the Koops had established a prescriptive easement and an easement by implication in the gravel driveway. Consequently, the district court erred in dismissing the Bredes' request for a declaratory judgment that the Koops' only interest in the Bredes' property is the thirty-three foot express easement established in 1979. Therefore, we remand this case for dismissal of the Koops' counterclaim and for entry of a declaratory judgment in favor of the Bredes.

The court of appeals erred in effectively dismissing the Bredes' claim for trespass. That claim was not tried in the district court, but was dismissed by that court solely on the basis of its determination that the Koops had an easement in the disputed route across the Bredes' land. The merit of the trespass claim was not otherwise raised as an issue on appeal. Therefore, we remand this case to the district court for further proceedings on the Bredes' claims for trespass and injunctive relief.

**COURT OF APPEALS DECISION VACATED. DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except CARTER, J., who takes no part.