**IN THE COURT OF APPEALS OF IOWA**

No. 14-0960
Filed May 6, 2015

**ANTHONY D. BALES and WENDY BALES,**
  Plaintiffs-Appellants,

**vs.**

**GARY L. SHEPARD and PATRICIA K. SHEPARD,**
  Defendants-Appellees.

_____

Appeal from the Iowa District Court for Mills County, J.C. Irvin, Judge.

The plaintiffs appeal the district court's dismissal of their petition to establish a prescriptive easement. **AFFIRMED.**

Matthew G. Woods of Woods & Wyatt, P.L.L.C., Glenwood, for appellants.

Rick D. Crowl of Stuart Tinley Law Firm, L.L.P., Council Bluffs, for appellees.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

We must decide whether the elements of a prescriptive easement were satisfied.

## I.    *Background Facts and Proceedings*

Anthony and Wendy Bales and Gary and Patricia Shepard owned adjacent homes in Glenwood, Iowa.  A gravel path running between the homes connected the properties to the street.  The path was bisected by a strip of grass, which the Bales believed to be the property line.  Gary Shepard characterized the path as "two separate driveways," one on his property and one on the Baleses' property.  Wendy Bales, in contrast, characterized the path as a shared driveway.

In time, the Shepards commissioned two surveys with a view to improving their property.  The surveys placed the grassy strip on the Shepards' side of the property line.

The Shepards poured concrete on their portion of the gravel path.  They also built a fence four inches inside their property line, which encompassed most of the grassy strip.  The fence impeded the ability of the Baleses to park on the gravel path.

The Baleses filed a petition to quiet title, alleging they possessed an easement by acquiescence.  At trial, they dismissed this theory and proceeded on a theory of an easement by prescription.  Following trial, the district court concluded the Baleses failed to satisfy the elements of a prescriptive easement.  The court also dismissed counterclaims filed by the Shepards and later denied the Baleses' motion to reconsider.  The Baleses appealed.

## II.    *Easement By Prescription*

A prescriptive easement is created "when a person uses another's land under a claim of right or color of title, openly, notoriously, continuously, and hostilely for ten years or more." *Brede v. Koop*, 706 N.W.2d 824, 828 (Iowa 2005). "The facts relied upon to establish a prescriptive easement 'must be strictly proved. They cannot be presumed.'" *Id.* (quoting *Simonsen v. Todd*, 154 N.W.2d 730, 736 (Iowa 1967)).

On our de novo review, we agree the Baleses failed to satisfy the elements of a prescriptive easement. Although they used the grassy strip for years, Wendy Bales acknowledged their usage was pursuant to "a mutual understanding between neighbors" rather than a claim of right. At no time did the Baleses demarcate a boundary or suggest their title extended onto or beyond the grassy strip. They simply assumed the strip was the boundary line while at the same time conceding the dimensions of the strip changed over time. According to Gary Shepard, when he showed Anthony Bales one of the surveys he commissioned, Bales "didn't realize where [the property line] was located." Based on this evidence, we conclude the Baleses' usage of any portion of the gravel path titled in the Shepards' name was purely permissive. *See id.* (noting a claim of right must be shown by evidence independent of the use).

Our conclusion is not altered by the fact the Baleses mowed the grassy strip and helped pay for gravel on the path. Their maintenance activities, while neighborly, were insufficient to put the Shepards on notice of their easement claim. *See id.* at 829 (stating Koops's addition of gravel failed to establish prescriptive easement).

Nor did these maintenance activities create a prescriptive easement under a relaxed standard applicable "in those situations in which the party claiming the easement has expended substantial amounts of labor or money in reliance upon the servient owner's consent or his oral agreement to the use." *Id.* at 828 (citing *Simonsen*, 154 N.W.2d at 733). Wendy Bales testified to paying for part of a gravel load and for snow plowing, but little else. There is scant if any evidence the Baleses "expended substantial amounts of labor or money" in reliance on their claimed mutual understanding of a right to use the Shepards' portion of the gravel path.

We affirm the district court's dismissal of the Baleses' petition. Costs are taxed to the Baleses.

**AFFIRMED.**