# IN THE COURT OF APPEALS OF IOWA

No. 14-1804
Filed December 9, 2015

**ARVIN VAN HALL, DARLENE
VAN HALL and SKUNK RIVER
BLOCK & PALLET, INC.,**
        Plaintiffs-Appellants,

**vs.**

**DARLENE REASONER, DEBRA
DERSCHEID, JIMMY REASONER,
REGGIE DERSCHEID and
RANDY DERSCHEID,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Ringgold County, John D. Lloyd,

Judge.


        A landowner appeals the denial of his request for a permanent injunction

allowing use of a pathway across a neighbor's property.  **AFFIRMED.**


        Alexander M. Johnson, Sean P. Moore, and Paul D. Hietbrink of Brown,

Winick, Graves, Gross, Baskerville & Schoenebaum, P.L.C., Des Moines, for

appellants.

        Kevin Cunningham of Cunningham & Kelso, P.L.L.C., Urbandale, for

appellees.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

The question before us is whether Skunk River Block & Pallet Inc., owned by Arvin and Darlene Van Hall,[1] established a prescriptive easement over land belonging to Randy Derscheid and his family. Because we agree with the district court that the Van Halls did not carry their burden to establish a prescriptive easement, we affirm.

The Van Halls and Derscheid own adjacent parcels of farm land in Ringgold County. The Van Halls purchased their property, two-hundred and eighty acres, from David and Wilmina Jennings in 1999. Their property was divided by Sand Creek, and they allege "the only reasonable access" to one of the two tracts was a pathway across land then owned by Darlene and Daughn Reasoner. The Reasoners provided the Van Halls with a key to the padlock used to secure the gate to the pathway. The Van Halls used the pathway for many years. But following Daughn's death in 2012, when Randy Derscheid took possession of the property, he and his mother Debra blocked the Van Halls' access, only allowing the Van Halls' tenant entry to mow hay one time in 2013.

The Van Halls filed a petition in equity on September 4, 2013, asking the district court to enjoin the Derscheids from denying access to the Van Halls' property and seeking a declaratory ruling that the Van Halls had established a prescriptive easement. Following a trial, the district court rejected the Van Halls' claim for an easement.

---

[1] We will refer to the plaintiffs as the Van Halls.

On appeal, the Van Halls argue they are entitled to a prescriptive easement under the "relaxed" standard described in *Brede v. Koop*, 706 N.W.2d 824, 828 (Iowa 2005). The Van Halls assert they received the Reasoners' consent to cross their property and expended labor to maintain the pathway.

A prescriptive easement is created "when a person uses another's land under a claim of right or color of title, openly, notoriously, continuously, and hostilely for ten years or more." *Brede*, 706 N.W.2d at 828. The plaintiff must show the owner of the land on which the easement is claimed "had express notice of the claim of right, not just the use of the land." *Id.* The supreme court "relaxed the traditional requirements for a prescriptive easement 'in those situations in which the party claiming the easement has expended substantial amounts of labor or money in reliance upon the servient owner's consent or his oral agreement to the use.'" *Id.* (quoting *Simonsen v. Todd*, 154 N.W.2d 730, 733 (Iowa 1967)).

On our de novo review,[2] we agree with the district court's conclusion the Van Halls "cannot recover on a claim of prescriptive easement." We find recovery would not be warranted under the traditional or the relaxed standards discussed in *Brede*. As the district court held, the Van Halls "have never claimed a right to use the access path other than with the consent of the owners." *See id.* at 829 (finding plaintiffs' acts were not sufficient to put servient owner on notice that they claimed an easement in the driveway).

---

[2] We review matters tried in equity de novo. Iowa R. App. 6.907.

As for the relaxed standard, the record does not support the Van Halls' argument they "expended substantial amounts of time and resources to improve the pathway in reliance upon express consent from the servient owner."  Arvin Van Hall testified he maintained the pathway by mowing.  But mowing alone does not show a substantial outlay of labor or other expenditures.  Van Hall did not testify that he removed trees, erected structures, dug drainage, or otherwise improved the pathway in any regard.  Van Hall also did not establish he maintained the pathway in reliance on the land owner's consent.  *See id.* at 830 ("Even if we assume [the plaintiffs] expended substantial amounts of labor or money to maintain and improve the road [by adding gravel and grading the surface], those expenditures were not 'in reliance upon the servient owner's consent or his oral agreement to the use.'" (citation omitted)).

We hold the Van Halls have failed to establish a prescriptive easement under either the traditional or relaxed approaches recognized in Iowa.

**AFFIRMED.**