# IN THE COURT OF APPEALS OF IOWA

No. 18-0126
Filed March 20, 2019

**MARY DeHAAI,**
 Plaintiff-Appellant,

**vs.**

**CITY OF MONROE and PARTIES IN POSSESSION,**
 Defendants-Appellees.
_____

Appeal from the Iowa District Court for Jasper County, Terry R. Rickers, Judge.

A property owner appeals the dismissal of her petition to quiet title. **AFFIRMED.**

Andrew G. Aeilts of A.G. Law, PLLC, Pella, and Thomas P. Slater of Slater & Norris, PLC, West Des Moines, for appellant.

Gilbert R. Caldwell III of Caldwell, Brierly & Chalupa, PLLC, Newton, for appellees.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Mary DeHaai seeks reversal of the district court decision dismissing her quiet-title claim against the City of Monroe and denial of her motion for leave to amend. We affirm the district court's decision.

### I.       Background Facts & Proceedings

DeHaai has owned and lived in a residence and adjoining lot fronting on American Street in the City of Monroe for forty-three years. Immediately south of DeHaai's property line, the City of Monroe owns a sixty-foot wide strip of land which contains American Street with a strip of land on either side of the street. The City's ownership was established via a recorded quitclaim deed dated in 1965.

On November 7, 2017, DeHaai filed a petition to quiet title naming the City of Monroe and "Parties in Possession." The property DeHaai sought quiet title to is the land lying between the south boundaries of the lots she holds title to and the physical boundaries of American Street.[1]

DeHaai's petition alleged she had "cared for, maintained, mowed, and otherwise exercised sole dominion and control" of the land for over forty years. The City filed a motion to dismiss, claiming DeHaai failed to adequately plead all the elements of adverse possession. During the hearing on the motion to dismiss, DeHaai made an oral motion for leave to amend her petition. The court did not immediately rule on the motion. On January 3, 2018, the court granted the City's motion to dismiss.

---

[1] The Code of Ordinances for Monroe, Iowa, defines "street" as "the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic." *Monroe, Iowa, Code of Ordinances* § 1.02(19) (2013).

## II.     Standard of Review

Our review of a district court's ruling on a motion to dismiss is for correction of errors at law.  *Pettit v. Iowa Dep't of Corr.*, 891 N.W.2d 189, 193 (Iowa 2017). "We accept the petition's well-pleaded factual allegations as true, but not its legal conclusions."  *Iowa Individual Health Benefit Reins. Ass'n v. State Univ. of Iowa*, 876 N.W.2d 800, 804 (Iowa 2016).  "Denial of a motion to amend will only be reversed where a clear abuse of discretion is shown."  *Daniels v. Holtz*, 794 N.W.2d 813, 817 (Iowa 2010).

## III.     Analysis

Iowa is a notice pleading state.  This means the petition "need not allege ultimate facts that support each element of the cause of action," but does need sufficient "factual allegations that give the defendant 'fair notice' of the claim asserted so the defendant can adequately respond."  *Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004).  "A motion to dismiss is properly granted only if a plaintiff's petition 'on its face shows no right of recovery under any state of the facts.'"  *Trobaugh v. Sondag*, 668 N.W.2d 577, 580 (Iowa 2003) (citation omitted).

To establish adverse possession, the party "must establish hostile, actual, open, exclusive and continuous possession under claim of right or color of title for at least ten years."  *Louisa Cty. Conservation Bd. v. Malone*, 778 N.W.2d 204, 207 (Iowa Ct. App. 2009) (citation omitted).  "[T]he doctrine of adverse possession is strictly construed."  *C.H. Moore Tr. Estate v. City of Storm Lake*, 423 N.W.2d 13, 15 (Iowa 1988).  The facts alleged in the petition state DeHaai "cared for, maintained, mowed, and otherwise exercised sole dominion and control" of the land between her property line and the physical boundary of American Street.

"[P]ermissive use of land is not considered to be hostile or under a claim of right." *Brede v. Koop*, 706 N.W.2d 824, 828 (Iowa 2005). The Monroe, Iowa, Code of Ordinances imposes a duty on abutting property owners "to maintain all property outside the lot and property lines and inside the curb lines upon the public streets . . . . Maintenance includes timely mowing, trimming trees and shrubs and picking up litter." Monroe, Iowa, Code of Ordinances § 135.10. DeHaai's actions to maintain the property were not only permitted, she had a legal duty to to maintain the property in question. The facts alleged in the petition cannot establish hostile possession or a claim of right and shows no right of recovery under any state of the facts. DeHaai's claim of adverse possession cannot be sustained.[2]

DeHaai also claims the court erred in not considering and ruling on her motion for leave to amend the petition. Because DeHaai had the City's permission and a legal obligation to perform maintenance and mowing on the property in question, no amendment of the petition would state a claim upon which relief could be granted. Justice did not require granting leave to amend, and the court was within its discretion to deny the motion.

We affirm the district court's dismissal of DeHaai's petition and denial of her motion for leave to amend.

**AFFIRMED.**

---

[2] We further note that even had DeHaai been able to establish adverse possession, "proof of adverse possession alone will not defeat a city's interest in land." *Stecklein v. City of Cascade*, 693 N.W.2d 335, 340 (Iowa 2005).